496 A.2d 1183

**Naomi A. GRUN**

v.

**Bennie E. GRUN, Appellant.**

**Bennie E. GRUN, Appellant,**

v.

**Naomi A. GRUN.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed Aug. 2, 1985.

Petition for Allowance of Appeal Granted Nov. 18, 1985.

David J. Flower, Assistant District Attorney, Indiana, for appellant.

Joseph B. Policicchio, Somerset, for appellee.

Before DEL SOLE, MONTGOMERY and BUCHER *, JJ.

DEL SOLE, Judge:

Appellant, father, appeals from a trial court order which denied his petition for enforcement of a Texas custody decree, and which granted Appellee, mother, a hearing in Pennsylvania on the merits of her petition for custody. Although the issues presented on appeal are phrased by the parties in a variety of ways, each deals with the propriety of the trial court's refusal to recognize and enforce a Texas custody decree.

The relevant facts are as follows: Early in 1980, the parties established a relationship which resulted in their cohabitation in the state of South Carolina. A short while later, the parties moved to Appellant's home state, Texas. Appellee established residence in Texas, and in August, she obtained a divorce from a Mr. Hunter. Appellee and Mr. Hunter had a son, and Appellee obtained custody of the child in Texas through a default proceeding. Thereafter, the parties moved to Somerset County, Pennsylvania, with or near Appellee's parents. While residing in Somerset County, Appellant and Appellee traveled to Cumberland, Maryland and on September 9, 1980 they were married. The parties continued to live in Somerset County until December when they returned to Texas. The subject of this proceeding, the parties' son, Joshua, was born in Texas on May 27, 1981. Appellant, Appellee and the two children continued to reside in Texas until Appellee returned to

* Judge Bucher, Senior Judge, of the Court of Common Pleas of Lancaster County, Pennsylvania, is sitting by designation.

Somerset County with her two sons on or about June 20, 1982.

Following the mother's move in June 1982, a series of legal proceedings were instituted. On July 19, 1982, the father filed an action in Texas seeking a divorce and custody of Joshua. Appellee, mother, filed a complaint in divorce including a count for custody on August 9, 1982 in Somerset County. The next day the Texas complaint was served by the sheriff of Somerset County on the mother. On August 12, 1982, the Court of Common Pleas, Somerset County made an ex parte order which confirmed custody of Joshua in the mother pending a custody hearing. Subsequently, on September 21, 1982, a Texas default decree was entered divorcing the parties and awarding primary custody of Joshua to the father. The decree stated that the mother "was served, failed to answer, did not appear, and wholly made default". In October, the mother petitioned the Pennsylvania court to forbid the father from taking physical custody of Joshua. A hearing date was set for December 6, 1982. On that date, the father also filed preliminary objections on jurisdictional grounds. The Somerset County Court issued an order on May 4, 1983, staying all proceedings on the condition that (a) the Texas court, "after fully hearing both parties", make a determination of a more appropriate forum, and (b) if it is determined that Texas is the more appropriate forum, the Texas court should set aside, vacate, or open its custody decree to a full hearing on the merits of the parties respective claims for custody.

Following the father's motion in Aid and Clarification of Judgment, the Texas court found that proper jurisdiction and venue for this matter existed in the state of Texas, and that Texas, not Pennsylvania, would be the proper forum for further actions in the matter. The court also found that its previous custody decree was a valid and final judgment. Further, the Texas court stated that it had no authority to sua sponte order a trial de novo, as requested by the Pennsylvania Court, absent filing of a motion in the nature of a Modification or Bill of Review. The father filed this

order with the Pennsylvania Court, along with a petition for enforcement of the order.

Somerset County's most recent action in this matter came on May 29, 1984, when it issued an Opinion and accompanying Order. The order decreed that: (1) since the "Texas court has failed to undertake any judicial inquiry into the custody of the child according to the child's best interest, this Court, having concurrent jurisdiction, is the more appropriate forum for doing so." (2) the "portion of our Order of May 4, 1983, staying all proceedings in this Court concerning custody of the child is vacated, and leave is granted for either party to file a scheduling praecipe for hearing on the merits of the mother's petition for custody sec reg.", and (3) "the father's petition for enforcement of the Texas default custody decree is denied." The father, thereafter, timely filed this appeal.

■ Before discussing the merits of Appellant's claim, we must first determine whether the Order from which Appellant appeals, is a final order. This Court has jurisdiction only over final orders, and our lack of appellate jurisdiction can and should be raised sua sponte. *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981).

■ Upon initial examination, it appears that the trial court in points one and two of the Order merely recognized Pennsylvania's subject matter jurisdiction over the matter, and therefore, lifted a stay so that proceedings could continue in Pennsylvania. However, points one and two are actually a subpart of point three. In the third part of the Order, the trial court declined to enforce the Texas custody decree. The court's refusal to recognize and enforce the decree was based on its finding that the Texas court did not correctly dispose of the case. This action by the trial court was final, and precluded the father from any further attempt to gain custody of his son by enforcement of the Texas decree. The court's further statements in points one and two, which permit the case to continue in Pennsylvania, are based upon the court's finding that the Texas decree

was unenforceable in Pennsylvania. We conclude that the Order in this case must be read in its entirety and not point by point. When so read, it is clear that the Order is in effect final, and therefore, this appeal has been properly taken.

The facts of this case indicate that the initial petition for custody was filed by the father in Texas. Shortly thereafter, the mother filed a petition for custody in Pennsylvania. The Uniform Child Custody Jurisdiction Act (UCCJA), 42 Pa.C.S.A. 5341 *et seq.* provides for the situation in which two states are conducting simultaneous proceedings. 42 Pa.C.S.A. § 5347 (a) states:

> **(a) General rule.**—A court of this Commonwealth shall not exercise its jurisdiction under this subchapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter, unless the proceeding is stayed by the court of the other state because the Commonwealth is a more appropriate forum or for other reasons.

■■■■ Upon learning that a custody action was proceeding in Texas prior to the mother's filing of her petition for custody, the trial court had a duty to vacate its award of temporary custody and stay the proceedings before it. Although the Somerset County court was unaware of the Texas proceedings when the mother first filed her petition, the mother was served with notice of the Texas action on August 10, 1982, before the Court issued an ex parte temporary custody award. 42 Pa.C.S.A. § 5347(c) provides:

> **(c) Stay; communication with other court.** If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 5360 (relating to hearings and studies

in another state; orders to appear) through 5363 (relating to request for court records of another state). If a court of this Commonwealth has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

*See also: Carpenter v. Carpenter,* 326 Pa.Super. 570, 474 A.2d 1124 (1984). The trial court did comply with the above provision of the Act when it informed the Texas court of the status of the case, and stayed its proceedings on May 4, 1983. The order of May 4th requested that the Texas court determine which state was the more appropriate forum, vacate its custody decree and grant the parties a full hearing on the merits.

The Texas court responded stating that it had no power to vacate its decree without a motion in the nature of Modification or Bill of Review. The matter then returned to Pennsylvania, where the trial court issued the Order from which this appeal has been taken. That Order refused to recognize and enforce the Texas decree.

■ We find that the trial court had no authority to order the Texas court to vacate its decree, and grant the parties a new hearing as a condition to Pennsylvania's recognition and enforcement of the Texas decree. Rather, the Pennsylvania court should have followed the provisions outlined in the UCCJA regarding recognition of an out-of-state custody decree. These provisions are found in 42 Pa.C.S.A. § 5354.

### § 5354. Recognition of out-of-state custody decrees

The courts of this Commonwealth shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this subchapter or which was made under factual circumstances meeting the jurisdictional standards of this subchapter, so long as the decree has not been modified in accordance

with jurisdictional standards substantially similar to those of this subchapter.

The mother erroneously argues that these provisions should not apply because Texas did not have proper jurisdiction over this matter. She bases this argument on the fact that the Texas decree was a default decree, and therefore, the Texas court never determined the "factual circumstances" of the case as required by § 5354. She also notes that in Pennsylvania a judgment for custody may not be entered by default. *See:* Pa.R.C.P., Rule 1915.9, 42 Pa.C.S.A. The mother then reasons that since the Texas decree was a default decree it was not based on "statutory provisions substantially in accordance" with Pennsylvania law.

While it is true that a custody determination in Pennsylvania can not be entered by default, § 5354 only requires that the other state assume *jurisdiction* under statutory provisions substantially in accordance with this subchapter, or under factual circumstances which meet with the jurisdictional standards of this subchapter. The subchapter to which § 5354 refers is Subchapter C, also known as the UCCJA. 42 Pa.C.S.A. § 5341. The statutory provisions which outline the jurisdiction standards of the UCCJA are found in 42 Pa.C.S.A. § 5344(a)(1), which states:

**(a) General rule.**—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

1. this Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth;

2. it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child;

The term "home state" is defined by the Act as the state in which the child lived with his parents for at least six months immediately preceding the custody action 42 Pa.C.S.A. § 5343.

■ The factual circumstances of this case clearly provided Texas with jurisdiction under the standards outlined in § 5344(a)(1)(ii), 42 Pa.C.S.A. The child lived from birth with his parents in Texas until he was taken to Pennsylvania by his mother approximately one year and one month later. The child was absent from Texas only one month before the father instituted custody proceedings. Thus, Texas was the "home state" of the child within six months before the custody proceedings were commenced, and the child was absent from Texas because he was removed by his mother who was claiming custody.

■ The mother also cites 42 Pa.C.S.A. § 5356(a) to support her argument that Pennsylvania must refuse to recognize a default decree entered by another state. That section provides:

(a) **General rule.**—A certified copy of a custody decree of another state whose decrees are recognized under section 5354 (relating to recognition of out-of-state custody decrees) may be filed in any office of the clerk of the court of common pleas of this Commonwealth. A custody decree so filed has the same effect and shall be enforced in like a manner as a custody decree rendered by a court of this Commonwealth.

The mother maintains that this section requires a Pennsylvania court to treat a Texas default decree in the same manner it would treat a Pennsylvania default decree, i.e. as a nullity. We find this argument to be without merit. This

section deals with decrees that are already recognized under § 5354, 42 Pa.C.S.A. As stated above, this Texas decree must be recognized by the Pennsylvania courts because it was entered by a state which assumed jurisdiction under factual circumstances which met the jurisdictional standards of the Act. Therefore, the Texas decree must be given the same effect, and enforced in the same manner, as a custody decree rendered by a Pennsylvania court.

■ Although we believe it is an unwise practice to enter default judgments in a matter so fundamental as a custody determination, nevertheless, we are bound to recognize and enforce the decrees of sister states if they meet the Act's requirements. To find otherwise would enable one to choose to ignore proceedings in another state because Pennsylvania will not honor a default decree. A person could permit a default decree to be entered, realizing that Pennsylvania will refuse to enforce it, and later institute a petition in Pennsylvania for custody. Such action was certainly not contemplated by the Act, and it is in direct contradiction to the stated purposes of the Act. *See:* 42 Pa.C.S.A., § 5342.

■ The mother in this case does not claim that she failed to receive notice of the Texas proceedings, or that Texas denied her the opportunity to be heard. In fact the mother was aware of the Texas policy of entering default decrees since she obtained custody of her eldest son in a Texas default proceeding when her ex-husband, Mr. Hunter, failed to appear. Nevertheless, the mother in this proceeding chose not to avail herself of the opportunity to be present and argue the merits of her claim to the Texas court. Instead, the mother elected to file a separate proceeding in this Commonwealth. If the mother wishes to present any further challenge to the merits of the Texas custody determination, or the manner in which it was entered, she must do so by means of petition or appeal to the Texas courts.

Order reversed. Case remanded to trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.