**Bennie E. GRUN, individually and as natural guardian and next friend of his minor son, Joshua Benjamin Grun, Plaintiff,**

v.

**Alexander OGLE, Joseph B. Polichicchio, both individually, The Law Firm of Ogle, Polichicchio & Frantz, and Naomi A. Grun, Defendants.**

Civ. A. No. 89–264J.

United States District Court,
W.D. Pennsylvania.

Jan. 11, 1990.

---

2. Plaintiff completed eight or nine years of formal education. (Tr. at 33, 116 and 386).

Bennie E. Grun, Humble, Tex., pro se.

Naomi A. Grun, Fort Mill, S.C., pro se.

H. Reginald Belden, Jr., Greensburg, Pa., for defendants.

## MEMORANDUM ORDER

### D. BROOKS SMITH, District Judge.

Plaintiff filed a *pro se* complaint in this matter on November 16, 1989, alleging that defendants, his ex-wife and her attorneys in a state court divorce and child custody proceeding, had conspired to bring and maintain fraudulently the aforementioned family law matter in the Pennsylvania court system. The attorney defendants have moved to dismiss. We will grant the motion and dismiss the complaint as to all defendants on the basis that it is untimely.

The substance of plaintiff's claim is that defendant Naomi Grun ("defendant Grun") misrepresented to the Pennsylvania court and misled plaintiff into thinking that she was a resident of Pennsylvania when, in fact, she was a resident of some other, unidentified state. Plaintiff asserts that defendant Grun commenced the Pennsylvania proceedings to heighten plaintiff's legal fees and to discourage him from pursuing the divorce proceedings he had commenced in Texas state court. Although the complaint does not so state, apparently plaintiff is invoking this Court's jurisdiction under the diversity statute, 28 U.S.C.S. § 1332. It also appears to us that, although not expressly stated as such, plaintiff's claims arise under the torts of malicious use of civil process and/or intentional infliction of emotional distress.

■ In December, 1980, the Pennsylvania legislature codified the common law tort of malicious use of civil process at 42 Pa.C.S. §§ 8351 *et seq.* The elements of the cause of action, as set forth at 42 Pa.C.S. § 8351(a), require that the alleged tortfeasor act in a grossly negligent manner or with a purpose of achieving something other than proper discovery, and that the allegedly abusive proceedings have terminated in favor of the person against whom they were brought. *Id.*

■ A review of plaintiff's allegations in the complaint reveal that plaintiff's claim would have arisen at the latest as of October 1, 1986, the termination date of the state court proceedings in plaintiff's favor and more than three years before the federal court complaint was filed in the instant case.[1] Complaint, ¶ 9. The statute of limitations on the tort of malicious abuse of civil process is two years. 42 Pa.C.S. § 5524(1). Similarly, the statute of limita-

---

1. The Pennsylvania appellate court system's handling of the Gruns' divorce and custody action is found at *Grun v. Grun,* 344 Pa.Super. 432, 496 A.2d 1183 (1985), *aff'd per curiam,* 511 Pa. 374, 514 A.2d 1372 (1986).

tions for an intentional infliction of emotional distress claim is two years. 42 Pa. C.S. § 5524(7). The general rule in Pennsylvania is that a party asserting a cause of action is under a duty to use all due diligence to be properly informed of facts and to institute suit within the prescribed statutory period. *Pocono Int'l Raceway v. Pocono Produce*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). Plaintiff's complaint, having been filed more than two years after the cause of action arose, therefore is untimely and will be dismissed with prejudice as to all defendants. The Clerk is directed to mark this case closed.