506 A.2d 946

**David ZELLAT, Appellant,**

**v.**

**Ruby ZELLAT, a/k/a/ Ruby McBride a/k/a Rubye Zellat.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed March 27, 1986.

624

Moira Dunworth, Philadelphia, for appellant.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

CIRILLO, Judge:

This child custody action was initiated by appellant, a Pennsylvania resident, for the custody of his daughter Jessica. Jessica's residence has been with her Tennessee resident mother since October 1, 1983.

The trial court found no basis for the assumption of jurisdiction and it sustained appellee-mother's preliminary objection to jurisdiction and dismissed appellant-father's complaint for custody and visitation. We affirm.

Jessica Rae Zellat was born on January 8, 1980 of the marriage of David and Ruby Zellat. The appellee filed a divorce complaint containing a request for custody in Phila-

delphia Common Pleas Court on July 31, 1981. On September 26, 1983, the mother filed a report of child abuse with the Pennsylvania Department of Public Welfare. The department investigated the report and issued its own report on November 28, 1983 indicating that the child had been abused while in the care of one of the parents. The report did not indicate which parent inflicted the abuse. On October 1, 1983, the child was removed from Philadelphia by her mother and taken to Tennessee, where mother and child continued to live until the time of this appeal. On February 9, 1984, a Tennessee court issued an order restraining the father from any contact with the child. The father appeared before the Tennessee court to contest the restraining order which was subsequently dismissed. By an order dated August 1, 1984, the Tennessee court granted appellant limited visitation rights under the supervision of the Tennessee Department of Human Services pending further review by the court. The Tennessee court reissued the restraining order on October 18, 1984 based on a detailed assessment of the case by a clinical psychologist appointed by the Tennessee Department of Human Services. This order provided for possible future review by the Tennessee court but precluded any contact between appellant and the child.

On July 17, 1984, appellant filed a complaint in the Court of Common Pleas of Philadelphia County for custody, partial custody, or visitation. Appellee filed a petition to dismiss the complaint, alleging that the Pennsylvania court did not have jurisdiction over the custody action and that Tennessee had previously exercised jurisdiction. The trial court dismissed appellant's complaint following a jurisdictional hearing. This appeal followed.

Appellant raises three issues for our determination: 1) whether the 1981 filing of a complaint for divorce and custody by appellee-wife in Pennsylvania may serve as the basis for the exercise of "home state" jurisdiction by a Pennsylvania court in a subsequent proceeding instituted by appellant-husband to gain custody of a child who has been

absent from Pennsylvania for over six months; 2) whether the State of Tennessee is the appropriate forum to decide the issue of child custody; and 3) whether the Tennessee court exercised jurisdiction over the custody proceeding for the purposes of the Uniform Child Custody Jurisdiction Act (UCCJA) by issuing restraining and other orders regarding visitation.

The Uniform Child Custody Jurisdiction Act, 42 Pa.C.S. § 5341 et seq., governs our determination of the issues raised by appellant. The general purposes of the Act mandate:

that litigation concerning the custody of a child take[ ] place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this Commonwealth decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

42 Pa.C.S. § 5342(a)(3). *See also Aldridge v. Aldridge,* 326 Pa.Super. 49, 473 A.2d 602 (1984); *Commonwealth ex rel. Earl R.D. v. Linde H.S.,* 297 Pa.Super. 78, 443 A.2d 307 (1982); *Zaubi v. Zaubi,* 275 Pa.Super. 294, 418 A.2d 729 (1980).

Section 5344(a) of the Act provides the basis for "home state" and "best interests" jurisdiction over interstate custody disputes:

(a) **General rule.**—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custo-

dy or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth; (2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child ...

"Home state" is defined in § 5343 of the Act as "the state in which the child immediately preceding the time involved lived with his parents ... for at least six consecutive months...."

Appellant first contends that the trial court erred in declining to exercise home state jurisdiction. He argues that the trial court mistakenly considered July 17, 1984 as the "commencement of the proceeding" for the purpose of determining the existence of home state jurisdiction under Section 5344(a)(1). Appellant urges that July 31, 1981, the date that appellee filed her complaint for divorce and custody in Pennsylvania, should be the operative date for determining home state jurisdiction.

We do not agree with appellant's construction of the language in § 5344(a)(1). First, we are guided by the presumption that the legislature does not intend a result that is absurd or unreasonable. 46 Pa.C.S. § 552(1). It would be absurd to construe the words "the proceeding" so as to encompass any and all actions filed in this Commonwealth regardless of their antiquity or dormancy. In the instant case, appellant points to "the proceeding" initiated by another party some three years prior to his own institution of a proceeding designed to secure custody of the child. The record before us does not indicate, and appellant does not argue, that he or anyone else ever pursued or defended appellee's 1981 action. Appellant is the only party who has

initiated a "proceeding" requiring an application of the Act. Second, our holding that the operative event for the purpose of computing the six-month period under § 5344(a) is "the proceeding" initiated by the party urging an exercise of jurisdiction under the Act is further supported by the purpose of the Act itself. This purpose would not be served by construing § 5344(a)(1) so as to confer "home state" jurisdiction upon any state in which a complaint containing a claim for custody happens to have been filed in the years prior to the initiation of a subsequent action requiring the application of the UCCJA. Accordingly, we hold that the "proceeding" from which the six-month period in § 5344(a) is computed, is the proceeding in which jurisdiction is first sought under the provisions of the Act.

■ The trial court determined that, in any event, Pennsylvania was an inappropriate forum for disposition of the underlying matter. Thus, assuming *arguendo* that a basis for home state jurisdiction did exist, any error in declining to assume such jurisdiction was harmless. Pennsylvania courts may decline to exercise § 5344(a) jurisdiction based on the doctrine of forum non conveniens even when a basis for an exercise of jurisdiction clearly exists. *Aldridge v. Aldridge*, 326 Pa.Super. 49, 473 A.2d 602 (1984).[1]

1. 42 Pa.C.S. § 5348 provides in relevant part:
   (a) **General rule.**—A court which has jurisdiction under this subchapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
   (b) **Moving party.**—A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
   (c) **Factors to be considered.**—In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
   (1) If another state is or recently was the home state of the child.
   (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
   (3) If substantial evidence concerning the present or future care, protection, training, and personal relationships of the child is more readily available in another state.

■ Appellant next contends the trial court erroneously concluded that the Tennessee court had previously exercised jurisdiction over the matter. However, a careful examination of the record reveals that the Tennessee court issued a series of orders culminating in the placement of the child in the exclusive possession and control of the appellee. The Tennessee court order of October 18, 1984 provided for "further hearings" on the matter. Thus, ,the Tennessee court did exercise its jurisdiction to render a "custody determination" as defined by the Act at § 5343:

> **Custody determination.** A court decision and court orders and instructions providing for the custody of a child, including visitation rights; the term does not include a decision relating to child support or any other monetary obligation of any person.

Appellant also alleges that under the circumstances the child's best interests would be served by Pennsylvania's assumption of jurisdiction pursuant to § 5344(a)(2). We do

(4) If the parties have agreed on another forum which is no less appropriate.

(5) If the exercise of jurisdiction by a court of this Commonwealth would contravene any of the purposes stated in section 5342 (relating to purposes and construction of sub-chapter).

(d) **Communication with other court.**—Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

(e) **Disposition.**—If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

. . . .

(h) **Notice of disposition.**—Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official of the state for forwarding to the appropriate court.

. . . .

not agree.  The trial court based its refusal to assume "best interests" jurisdiction on the following factors:

> Nor can we say that it is in the best interests of the child that we assume jurisdiction.  At the time of the hearing before this Court in March 1985, mother and child had been residing in Tennessee for more than 17 months. Further, that Court had issued three orders and had at least two hearings (one hearing with the father present or represented by counsel) and continues to maintain jurisdiction of this case.  They have appointed the Tennessee Department of Human Services to supervise this matter, have provided for evaluation by the Tennessee Children and Youth Services and have made provisions for further review by their own Court.

Trial court opinion at p. 2.

■  On the basis of the above factors we agree with the trial court that under all the circumstances, Tennessee was the appropriate forum to decide the issue of child custody. Tennessee qualified as the child's "home state" at the time appellant filed his complaint because the child had resided there for more than six consecutive months.  § 5348(c)(1). It had a close connection with the child and its mother. § 5348(c)(2).  Substantial evidence concerning the child's "care, protection, training and personal relationships" existed in Tennessee including ongoing supervision and a detailed psychological assessment provided by the Tennessee Department of Human Services.  § 5348(c)(3).  Finally, and most importantly, the exercise of jurisdiction by Pennsylvania would contravene one of the primary purposes of the Act, § 5348(c)(5), *see supra* § 5344(a)(3).

We affirm the decision of the trial court with respect to its determination that Pennsylvania should not assume jurisdiction and that Tennessee was a more appropriate forum.

Order affirmed.