589 A.2d 1183

**CRONER, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 15, 1991.

Decided April 9, 1991.

Reargument Denied May 29, 1991.

Matthew G. Melvin, Barbera and Barbera, Somerset, for petitioner.

Kirk Junker, with him, L. Jane Charlton and Diana J. Stares, Pittsburgh, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BARRY, Senior Judge.

CRAIG, President Judge.

Croner, Inc. appeals from an order of the Environmental Hearing Board (board) granting a motion of the Department of Environmental Resources (department) to dismiss Croner's challenge to restrictions incorporated into Croner's blast plan by the department. The board concluded that Croner's constitutional challenge to 25 Pa.Code § 87.127(e) and (i) constitutes a challenge to federal regulations under the federal Surface Mining Control and Reclamation Act (federal SMCRA), 30 U.S.C. § 1201 *et seq.*, and 30 U.S.C. § 1276(a)(1) provides that only a federal court, not the board, has jurisdiction to review challenges to *federal* regulations.

Croner is a coal mine operator. In April 1987, Croner submitted "Module 16: Blasting Plan" to the department. The plan included a notarized signed release from John H. and Evelyn Hartman. The affidavit provides in pertinent part:

To Whom It May Concern,

We, the undersigned, John H. Hartman and Evelyn Hartman, do hereby grant permission to Croner, Inc. the

right to conduct overburden blasting operations within the 300 foot barrier surrounding our buildings.

We do hereby also grant the right to Croner, Inc. to exceed the one inch per second particle velocity requirement and the 132 DB air overpressure requirement so mining operations can be achieved to remove the coal near our buildings.

The area is covered by S.M.P. # 56663094, Brothersvalley Township, located near Twp. Rte. T-415.

On April 28, 1987, the department approved Croner's blast plan, as part of the surface mining permit previously issued to Croner, subject to the following conditions:

1. When the Scale Distance falls below sixty (60) at the Hartman residence or any dwelling, a peak particle velocity of one (1) inch per second and an air over pressure of 132 dBL must be maintained.

2. John and Evelyn Hartman cannot release the vibration limit of one (1) inch per second and 132 dBL air over pressure when blasting occurs closer than 300 feet to their dwelling.

On May 28, 1987, Croner filed an appeal with the board challenging the constitutionality of the conditions imposed by the department. Croner raised the following contentions in its appeal: (1) the limitations imposed on peak particle velocity and air over pressure are more stringent than those limitations imposed on blasting in operations other than coal mining and thus violates Croner's right to equal protection of the law; (2) the conditions arbitrarily preclude a landowner affected by coal mine blasting from waiving the peak particle velocity and air over pressure limitations while allowing a landowner to waive them if affected by non-coal operations and thus those conditions violate Croner's right to equal protection under the law; (3) the conditions deny Croner its right to equal protection of the law by arbitrarily precluding an affected landowner from waiving these limitations, whereas such waivers are allowed by other similarly situated individuals under 25 Pa.Code § 87.127(i) without a reasonable basis for distinction in the regulation; (4) the

disparate treatment of blasting activities in coal mining operations versus non-coal mining operations is without any reasonable basis and deprives Croner of its constitutional right to equal protection under the law; and (5) the conditions imposed by the department are otherwise contrary to the law and in violation of Croner's rights.

On October 30, 1987, Croner filed a motion for summary judgment. On February 8, 1988, the department filed a motion to dismiss or, in the alternative, a motion for summary judgment. On July 26, 1990, the board granted the department's motion to dismiss. The board determined that its jurisdiction is preempted by 30 U.S.C. § 1276(a)(1), which directs that challenges to federal regulations be brought in the United States District Court for the District of Columbia Circuit. Additionally, the board refused to consider Croner's argument that the regulations set forth in 25 Pa.Code § 87.127(e), (h) and (i) violate a statutory right set forth in § 1396.4(c) of the Pennsylvania Surface Mining Conservation and Reclamation Act, (state SMCRA), the Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. § 1396.4(c), because Croner failed to raise that issue in its notice of appeal. This appeal followed.

The issue in this case is whether the board has jurisdiction to consider Croner's challenge to 25 Pa.Code § 87.127(e) and (i), which imposes air blast limitations and peak particle velocity limitations, and provides that those limitations can be waived only by structure owners who are operators or lessees of operators.

In 1977, Congress enacted the federal SMCRA, which provides for comprehensive regulation of surface coal mining and reclamation of mine lands. States seeking to secure primary jurisdiction over the regulation of surface coal mining and reclamation operations are required to submit a state regulatory program to the United States Office of Surface Mining (OSM) for approval. Section 503(a), 30 U.S.C. § 1253(a).

Section 503(a)(7), 30 U.S.C. § 1253(a)(7) requires the state to issue rules and regulations consistent with the regulations issued by the Secretary. The implementing regulation, 30 C.F.R. § 732.15 provides:

Criteria for approval or disapproval of State programs. The Secretary shall not approve a state program unless, on the basis of information contained in the program submission, comments, testimony and written presentations at the public hearings, and other relevant information, the Secretary finds that—

(a) The program provides for the State to carry out the provisions and meet the purposes of the Act and this Chapter within the State and that the State's laws and regulations are in accordance with the provisions of the Act and consistent with the requirements of the Chapter.

(b) The State regulatory authority has the authority under State laws and regulations pertaining to coal exploration and surface coal mining and reclamation operations and the State program includes provisions to—

(1) Implement, administer and enforce all applicable requirements consistent with subchapter K of this chapter;

In Subchapter K, 30 C.F.R. § 816.1 provides that "this part sets forth the minimum environmental protection performance standards to be adopted and implemented under surface regulatory programs for surface mining activities."

In 1980, seeking to obtain primacy over coal mining operations in Pennsylvania from the federal government, the Commonwealth amended the state SMCRA [1] in order to meet certain minimum standards contained in the federal SMCRA. Section 17 of the 1980 amendment provides:

In order to maintain primary jurisdiction over coal mining in Pennsylvania, it is hereby declared that for a period of two years from the effective date of this act the department shall not enforce any provision of this act which was enacted by these amendments solely to secure for Pennsylvania primary jurisdiction to enforce Public Law 95–87,

---

1. The state SMCRA was amended by the Act of October 10, 1980, P.L. 835, No. 155.

the Federal Surface Mining Control and Reclamation Act of 1977 (30 U.S.C.A. § 1201 et seq.), if the corresponding provision of that act is declared unconstitutional or otherwise invalid due to a final judgment by a Federal court of competent jurisdiction and not under appeal or is otherwise repealed or invalidated by final action of the Congress of the United States. If any such provision of Public Law 95–87 is declared unconstitutional or invalid, the corresponding provision of this act enacted by these amendments solely to secure for Pennsylvania primary jurisdiction to enforce the Federal Surface Mining Control and Reclamation Act of 1977, Public Law 95–87 shall be invalid and the secretary shall enforce this act as though the law in effect prior to these amendments remained in full force and effect.

It is hereby determined that it is in the public interest for Pennsylvania to secure primary jurisdiction over the enforcement and administration of Public Law 95–87, the Federal Surface Mining Control and Reclamation Act of 1977, and that the General Assembly should amend this act in order to obtain approval of the Pennsylvania program by the United States Department of the Interior. It is the intent of this act to preserve existing Pennsylvania law to the maximum extent possible.

Thereafter, the Environmental Quality Board (EQB) promulgated new surface mining regulations which were published in 12 Pa.B. 2473 (1982). The EQB's findings at 12 Pa.B. 2473–2474, confirm the EQB's intention to secure primary jurisdiction over surface mining operations. Finding No. 7 provides:

(7) That it is the intent of this Board in revising the Department's coal mining regulations as provided by this order to take no action that might in any way jeopardize, delay, or prejudice the Department's ability to obtain primary jurisdiction over the Pennsylvania coal mining program from the United States Department of the Interior.

One of the regulations promulgated by the EQB to secure primary jurisdiction is 25 Pa.Code § 87.127, the challenged regulation, which provides in pertinent part:

(e) An airblast shall be controlled so that it does not exceed the noise level specified in this subsection at a dwelling, public building, school, church or commercial or institutional structure, unless the structure is owned by the person who conducts the surface mining activities and is not leased to another person. The lessee may sign a waiver relieving the operator from meeting the airblast limitations of this subsection.

. . . .

(h) In blasting operations, except as otherwise authorized in this section, the maximum peak particle velocity may not exceed 1 inch per second at the location of a dwelling, public building, school, church, commercial or institutional building or other structure designated by the Department. Peak particle velocities shall be recorded in three mutually perpendicular directions. The maximum peak velocity shall be the largest of any of three measurements. The Department may reduce the maximum peak particle velocity allowed, if it determines that a lower standard is required because of density of population or land use, age or type of structure, geology or hydrology of the area, frequency of blasts or other factors.

(i) The maximum peak particle velocity limitation of subsection (h) does not apply at the following locations:

(1) At structures owned by the person conducting the mining activity, and not leased to another party.

(2) At structures owned by the person conducting the mining activity, and leased to another party, if a written waiver by the lessee is submitted to the Department prior to blasting.

The corresponding federal regulation, 30 C.F.R. § 816.-67(e) has the same effect. It provides:

(e) The maximum airblast and ground-vibration standards of paragraphs (b) and (d) of this section shall not apply at the following locations:

(1) At structures owned by the permittee and not leased to another person.

(2) At structures owned by their permittee and leased to another person, if a written waiver by the lessee is submitted to the regulatory authority before blasting.

As previously stated, states seeking to secure primacy are required to implement regulations which at a minimum must meet the standards incorporated in subchapter K, of which section 816.67(e) is a part.

Hence, the EQB adopted 25 Pa.Code § 87.127 establishing standards in accordance with 30 C.F.R. § 816.67(e), to secure primacy over surface coal mining. Therefore, the board concluded that Croner's challenge to 25 Pa.Code § 87.127 is actually an attack on 30 C.F.R. § 816.67(e). However, the department and the board identify no authority for the proposition that an attack on a state regulation is equal to an attack on a federal regulation.

As the department contends, 30 U.S.C. § 1276(a)(1), does provide that judicial review of federal OSM regulations may be heard only in the United States District Court for the District of Columbia Circuit. That federal law, as to actions by the federal secretary, provides:

(a) Review by United States District Court; venue; filing of petition; time

(1) ... Any action by the Secretary promulgating national rules or regulations including standards pursuant to sections 1251, 1265, 1266, and 1273 of this title shall be subject to judicial review in the United States District Court for the District of Columbia Circuit. Any other action constituting rulemaking by the Secretary shall be subject to judicial review only by the United States District Court for the District in which the surface coal mining operation is located.

Croner contends that 30 U.S.C. § 1276(a) is inapplicable because his challenge is to the state regulation.

The department and the board cite *The Commonwealth of Virginia ex rel. Virginia Department of Conservation*

*v. Watt,* 741 F.2d 37 (4th Cir.1984), *cert. granted,* 469 U.S. 979, 105 S.Ct. 379, 83 L.Ed.2d 315 (1984), *cert. dismissed,* 469 U.S. 1198, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985), in which mine operators challenged the OSM enforcement of federal regulations in a local United States District Court. The operators contended that under Virginia's primacy law certain mine operations were exempt from OSM regulation. The state of Virginia also challenged OSM enforcement, claiming that the federal regulations denied the state power to regulate surface mines which the legislature had determined to be exempt from federal regulation.

The court of appeals determined that the local district court did not have jurisdiction over the proceedings. The court relied on its previous decision in *Tug Valley Recovery Center v. Watt,* 703 F.2d 796 (4th Cir.1983), in which the court concluded that, in accordance with 30 U.S.C. § 1276(a)(1), only the district court for the District of Columbia, has jurisdiction over an action which is tantamount to an attack on a federal regulation. *Commonwealth of Virginia,* 741 F.2d at 40.

The court characterized the mine operators' challenge to the OSM enforcement of federal regulations as an attack on the federal regulations. The court stated that "an action which constituted even an indirect attack on a federal regulation, could be brought only in the district court for the District of Columbia." *Commonwealth of Virginia,* 741 F.2d at 40.

As Croner correctly points out, that reference of the court to an indirect attack focuses on a challenge to federal administrative action as constituting an attack on the federal regulation. Thus, characterizing a federal administrative action as an indirect attack, upon the federal regulation, has no analogous application to this case, where the challenge is to a state regulation.

The present case does not involve a federal regulation or federal enforcement of a regulation. Rather, Croner's challenge is only to the state regulation. Therefore, 30 U.S.C. § 1276(e) is applicable. It provides:

(e) Action of State regulatory authority

Action of the State regulatory authority pursuant to an approved State program shall be subject to judicial review by a court of competent jurisdiction in accordance with State law, but the availability of such review shall not be construed to limit the operation of the rights established in section 1270 of this title except as provided therein.

■ Accordingly, because the board has the authority to rule on the validity of regulations as well as the department's action in enforcing them, *Globe Disposal Company, Inc. v. Department of Environmental Resources,* 105 Pa.Commonwealth Ct. 599, 525 A.2d 437 (1987), Croner's challenge to 25 Pa.Code § 87.127, is properly before the board, and this case must be remanded to the board to consider it.

■ Additionally, although the board concluded that Croner failed to raise the issue of whether 25 Pa.Code § 87.127 violated 52 P.S. § 1396.4b(c), we note that Croner's notice of appeal, filed with the board, did raise, in general terms, the issue of compliance with authority given by law, by stating that "[t]he action of the Commonwealth of Pennsylvania, Department of Environmental Resources, in conditioning Appellant's mine drainage permit to these conditions, is otherwise contrary to law and in violation of the rights of Appellant."

Accordingly, the decision of the board is reversed and this case is remanded to the EHB, which has jurisdiction to consider the validity and constitutionality of regulations. *St. Joe Minerals Corp. v. Goddard,* 14 Pa.Commonwealth Ct. 624, 628, 324 A.2d 800, 802 (1974).

On remand, the board shall determine: (1) whether 25 Pa.Code § 87.127, which limits the right to waive blasting limitations to the owners of structures who are mine operators, and to the lessees of structures which are owned by mine operators, creates a class distinction with no reasonable basis; and (2) whether 25 Pa.Code § 87.127 violates a statutory right set forth in 52 P.S. § 1396.4b(c) which

54

permits a dwelling owner to waive the prohibition against surface mining activities within three hundred feet of a dwelling.

## ORDER

NOW, April 9, 1991, the decision of the Environmental Hearing Board dated July 26, 1990, at No. 87–206–E, is reversed and this case is remanded. On remand, the board is to consider whether 25 Pa.Code § 87.127 creates a class distinction with no rational basis, and whether 25 Pa.Code § 87.127 violates a statutory right set forth in 52 P.S. § 1396.4b(c).

Jurisdiction relinquished.