610 A.2d 1062

**William J. SIMPKINS, Appellant,**

v.

**Jackie J. Simpkins DISNEY, Appellee.**

Superior Court of Pennsylvania.

Submitted June 1, 1992.

Filed July 22, 1992.

244

Thomas D. O'Shea, York, for appellant.

Darryl Cunningham, York, for appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

PER CURIAM:

Father appeals from an order which held that York County is an inconvenient forum under the Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. § 5341 *et seq.*, and that Anne Arundel County, Maryland, is the more appropriate forum. The York County court therefore stayed the instant proceeding in favor of Maryland's exercise of jurisdiction. Father contends that the trial court erred in so finding, that the trial court exceeded its authority in requiring him to secure counsel and that Mother waived her right to request a transfer of jurisdiction. We affirm.

A detailed recitation of the facts and procedural posture of this matter is necessary to resolve the issues raised. The parties are the natural parents of one child, Scott, who was born on June 4, 1983. They were married on November 14, 1983, and resided in Stewartstown, Pennsylvania. On February 2, 1989, the parties separated and Mother filed for divorce and custody in York County on February 7, 1989. Shortly thereafter, Mother moved to Maryland with Scott.

On March 10, 1989, Father snatched Scott from Mother's automobile. On March 14, 1989, Father filed a complaint for custody in Maryland, alleging that he was a resident of Baltimore County, Maryland, where Father's mother resided. On April 10, 1989, Mother filed an answer and a cross-complaint to Father's Maryland action. On May 19, 1989, Mother discontinued her Pennsylvania action, without Father's having filed an answer or entered an appearance. The Circuit Court for Baltimore County awarded temporary custody to Mother on August 1, 1989. Armed with this order, police located Father and Scott in Florida and returned Scott to Mother in October of 1989. Various other motions and orders were filed and in February of 1990 Father filed a motion to stay the Maryland proceedings on the ground that Pennsylvania was the proper jurisdiction to determine Scott's custody. This was apparently the first time that the Maryland Court was informed that Father did not live in Baltimore County and that Mother had previously filed an action in York County, Pennsylvania. Although the record does not contain an order specifically denying Father's motion, the Maryland Court again granted temporary custody to Mother and continued to act on other motions filed by the parties. On June 15, 1990, only three days after the Maryland court entered a visitation order, Father filed the present action in York County. At a prehearing conference on September 13, 1990, Mother's Maryland counsel appeared and objected to York County's jurisdiction. Mother was directed to secure local counsel and file appropriate objections within twenty days. The York County court also adopted the Maryland court's June 12, 1990, order as an interim order. On February 25, 1991, Mother filed an answer and motion to dismiss the complaint on jurisdictional grounds. Neither Mother nor her counsel appeared at the pretrial conference scheduled for June 17, 1991. On September 13, 1991, both parties appeared for a hearing without counsel. At that time, the court directed both parties to obtain local counsel to represent them. Finally, on October 15, 1991, both parties, represented by

counsel, appeared for the jurisdictional hearing, which resulted in the order complained of on appeal.

Father first contends that the trial court erred in finding that York County is an inconvenient forum. He claims that the factors which led the court to conclude that Maryland is a more appropriate forum resulted either from Mother's actions or from court delays. Although we do not entirely agree with the trial court's reasoning for declining jurisdiction in this case, we do agree that Maryland, not Pennsylvania, is the proper forum.

The UCCJA sets forth several bases for a state to assert jurisdiction in a child custody case: home state jurisdiction, significant contacts among the parties and the locale in which the action has been brought, or parens patriae jurisdiction. 23 Pa.C.S. § 5344; *Tettis v. Boyum*, 317 Pa.Super. 8, 463 A.2d 1056 (1983). Herein, the trial court found that Pennsylvania is the home state of the child and therefore had jurisdiction. However, the court declined to exercise that jurisdiction by finding that Maryland was the more appropriate forum. 23 Pa.C.S. § 5348. After reviewing the record and the applicable law, we cannot agree that Pennsylvania has home state jurisdiction.

■ The trial court initially looked at the status of the parties at the time Father filed his custody complaint in Maryland and found that Maryland should not have exercised jurisdiction at that time. We are unable to fault the Maryland court for its exercise of jurisdiction in view of the fact that the Maryland court had no information before it to indicate that its jurisdiction was inappropriate. Father's complaint averred that he was a resident of Baltimore County, Maryland, and that Mother resided in Chesapeake Beach, Maryland. He did not advise the Maryland court that any proceeding was pending in Pennsylvania until February of 1990, approximately eight months after the York County case had been discontinued. It is true that the UCCJA, to which Maryland is a signatory, would require Maryland to decline jurisdiction when a proceeding is pending in another state, 23 Pa.C.S. § 5347(a); *Carpenter v.*

*Carpenter,* 326 Pa.Super. 570, 474 A.2d 1124 (1984). However, Maryland cannot be expected to decline jurisdiction on this basis when it is unaware or uninformed about the other proceeding. *Id.*

Furthermore, the determination of jurisdiction must be made at the time of the commencement of the instant proceeding and not at the time of the commencement of some prior proceeding brought by the other party. In *Zellat v. Zellat,* 351 Pa.Super. 623, 506 A.2d 946 (1986), this court was faced with a similar factual situation. Mother had initially filed a divorce and custody complaint in Philadelphia in 1981. Thereafter, Mother and child moved to Tennessee and proceedings regarding visitation occurred in the Tennessee court. In 1984, Father filed a custody complaint in Philadelphia. This court held that the operative event for computing the six-month home state jurisdiction test, 23 Pa.C.S. § 5344(a)(1), is the proceeding initiated by the party urging an exercise of jurisdiction under the Act. In other words, the party urging an exercise of jurisdiction cannot rely on a prior proceeding filed by the other party as the operative date for determining home state jurisdiction. In the present case, as in *Zellat,* Pennsylvania cannot exercise home state jurisdiction unless Pennsylvania was the home state of the child within the six months preceding the filing of the instant complaint or within the six months prior to June 15, 1990. Herein, there is no dispute that Scott had been living with Mother in Maryland pursuant to the Maryland custody order for at least eight months prior to the filing of the instant complaint. Thus, Pennsylvania does not have home state jurisdiction in this case.

There is neither evidence nor argument that Pennsylvania should exercise parens patriae jurisdiction so the only remaining basis for Pennsylvania's exercise of jurisdiction is the "significant contacts" test. 23 Pa.C.S. § 5344(a)(2). In determining that Pennsylvania was an inconvenient forum, the trial court made factual findings that are unsupportive of the exercise of significant contacts

jurisdiction. Specifically, the trial court found that Scott had lived in Maryland for approximately two years, that both his paternal and maternal grandparents live in Maryland, that all of Mother's potential witnesses live in Maryland and that evidence regarding Scott's present and future care, such as school records, are more readily available in Maryland. See, e.g., *Blinkoff v. Blinkoff,* 335 Pa.Super. 10, 483 A.2d 929 (1984). However, the trial court did not consider these factors in terms of whether Pennsylvania had "significant contacts" jurisdiction, which is a different decision than whether Pennsylvania or Maryland is the more convenient forum.

We need not remand for such a determination, however, because the Act limits this Commonwealth's assertion of jurisdiction where a proceeding is already pending in another state exercising jurisdiction substantially in conformity with the UCCJA. Under these circumstances, the Act provides that the Pennsylvania court *"shall not* exercise its jurisdiction." 23 Pa.C.S. § 5347(a); *Grun v. Grun,* 344 Pa.Super. 432, 496 A.2d 1183 (1985), affirmed, 511 Pa. 374, 514 A.2d 1372 (1986); *Carpenter v. Carpenter, supra.* Thus, even if the trial court had correctly found jurisdiction to lie in Pennsylvania, it could not exercise that jurisdiction because of the action pending in Maryland. Therefore, the trial court's decision to stay the present proceedings in favor of Maryland was correct.

■ Father's complaint that the trial court's order requiring the parties to obtain local counsel denied him his right to proceed *pro se* has not been preserved for appellate review. Father never objected to the order in the trial court nor did he assert before that court his desire to represent himself. Issues not raised before the trial court cannot be raised for the first time on appeal. *Commonwealth v. Capitolo,* 508 Pa. 372, 498 A.2d 806 (1985).

■ Finally, Father complains that Mother waived her right to challenge the York County court's jurisdiction by failing to comply with that court's order to raise any objections to jurisdiction within twenty days. If a child

custody case does not fit within the jurisdictional parameters of the UCCJA, the court does not have subject matter jurisdiction to decide custody. 23 Pa.C.S. § 5344; *Adriance v. Adriance*, 329 Pa.Super. 168, 478 A.2d 16 (1984). Subject matter jurisdiction is beyond the control of the parties and cannot be acquired by estoppel, waiver or consent. *Appeal of Kramer*, 445 Pa. 238, 282 A.2d 386 (1971); *Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 194 A.2d 878 (1963). It may be raised at any time during the proceedings, even on appeal. *Balazick v. Dunkard–Bobtown Municipal Authority*, 414 Pa. 182, 199 A.2d 430 (1964). Subject matter jurisdiction may also be raised by the court *sua sponte*, even if no party has objected to jurisdiction. *LeFlar v. Gulf Creek Industrial Park No. 2*, 511 Pa. 574, 515 A.2d 875 (1986). Furthermore, the UCCJA provides that a court which does have jurisdiction may decline to exercise it *at any time before making a decree* if it finds that it is an inconvenient forum and the court of another state is a more appropriate forum. 23 Pa.C.S. § 5348; *In re Adoption of K.S.*, 399 Pa.Super. 29, 581 A.2d 659 (1990). The court may make this decision *sua sponte. Id.* Therefore, the trial court had the power to determine subject matter jurisdiction regardless of Mother's noncompliance with the trial court's order.

Order affirmed.