**NEWTOWN LAND LIMITED PARTNERSHIP,**
Petitioner,

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1995.
Decided June 1, 1995.

Michael Araten, for petitioner.

Mark L. Freed, Asst. Counsel, for respondent.

Stephen B. Harris, for intervenor, Newtown Township.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

Newtown Land Limited Partnership (NLLP) petitions for review of an order of the Environmental Hearing Board (Board) that dismissed NLLP's appeal after granting the motion in limine of the Department of Environmental Resources (DER) seeking to preclude NLLP from presenting evidence on the only two issues remaining in NLLP's appeal to the Board from certain DER action. The Board's order also denied NLLP's motions to strike DER's motion and to be granted leave to amend its pleading to incorporate the two issues in question. The questions presented are whether the Board erred in concluding that the issues later raised by NLLP were not encompassed within the scope of the matters stated in NLLP's notice of appeal to the Board, in determining that DER had not waived its right to contest the matter and in denying NLLP leave to amend its notice of appeal.

I.

In an administrative order DER approved a revision to the official plan for sewage of Newtown Township (Township). NLLP filed a notice of appeal to the Board because the revision eliminates the extension of public sewer service into the conservation management (CM) district, which allegedly makes up a significant portion of the Township's territory and contains almost all of the land available for development. NLLP owns property in the CM district not far from an existing collection line, which it wishes to develop into a mobile home park. Without public sewer service the land would have to rely upon on-lot sewage systems.

NLLP alleged in Paragraph 11 of its notice of appeal that the DER action was improper and unjustified in that the revision did not address many of the specific requirements of 25 Pa.Code § 71.21 (relating to content of official plans for sewage systems).[1] The notice of appeal did not reserve a right to amend or to add additional grounds of which NLLP became aware during discovery.

At a telephonic pre-hearing conference NLLP agreed that it would limit its appeal to two issues. As characterized by the Board in its opinion, these were: (1) whether the Township lacked authority to specify the size of the replacement line in the revision because such authority rested with the Newtown–Bucks County Joint Municipal Sewer Authority (Authority); and (2) whether DER violated various provisions of 25 Pa.Code § 71.21 and of § 71.62, relating to individual

---

1. Subparagraphs set forth the specific claims: (a) the revision does not adequately identify the available capacity of public water supplies or the aquifer yield for groundwater supplies in violation of 25 Pa.Code § 71.21(a)(1)(vi), and so fails to establish a need for the entire CM district to be used for groundwater recharge purposes; (b) there is no rational basis for designating all of the land in the CM district as a groundwater recharge area; (c) the revision fails to identify future areas of growth in the Township, in violation of 25 Pa.Code § 21(a)(3)(iii); (d) the revision does not adequately evaluate inconsistencies with the joint comprehensive plan that governs development in the Township and three nearby municipalities, in violation of 25 Pa.Code § 71.21(a)(5)(i)(D); (e) the revision does not adequately identify or discuss available alternatives to providing municipal or non-municipal sewage facilities in the Township, in violation of 25 Pa. Code § 71.21(a)(4)(i); (f) the eighteen-inch relief line to be built as a replacement for the existing twelve-inch line will cure an existing capacity problem in the area, but it is too small to allow for any significant development in the CM district, in violation of the joint comprehensive plan and principles for logical planning; and (g) by providing that the entire CM district will remain unsewered and permitting the construction of an unreasonably small relief line, the revision prohibits any substantial development in a significant portion of the Township, and by approving the revision DER has permitted the Township to achieve the exclusion of population growth that it is precluded from achieving through zoning.

and community on-lot sewage systems, but specifically provisions of § 71.62(a), requiring evaluation of general site suitability for use of on-lot systems, and § 71.62(c), requiring soil permeability and hydrologic evaluation before selecting on-lot systems for use on the vast majority of vacant land in the Township.[2]

■ DER filed its motion in limine (which the Board characterized as a "thinly disguised motion to dismiss"). The parties ultimately agreed to submit the matter to the Board upon stipulated facts, subject to the Board's resolution of the issues raised in DER's motion. The Board granted the motion and NLLP then petitioned for review.[3]

## II.

### A.

Subchapter C of Chapter 21 of 25 Pa.Code provides rules of procedure before the Board. Board Rule 21.51, 25 Pa.Code § 21.51, relating to commencement, form and content of appeals, provides in part in subsection (e):

> The objections may be factual or legal. An objection not raised by the appeal shall be deemed waived, provided that, upon good cause shown, the Board may agree to hear the objection. For the purpose of this subsection, good cause shall include the necessity for determining through discovery the basis of the action from which the appeal is taken.

Board Rule 21.52, 25 Pa.Code § 21.52, relating to timeliness and perfection, provides in part:

> (a) Except as specifically provided in § 21.53 (relating to appeal nunc pro tunc), jurisdiction of the Board will not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within 30 days after the party appellant has received written notice of the action or within 30 days after notice of the action has been published in the *Pennsylvania Bulletin* unless a different time is provided by statute, and is perfected in subsection (b).[4]

■ NLLP first argues that the two disputed issues should be regarded as encompassed within and refinements of the issues it raised in its notice of appeal. This Court agrees with the Board, however, that the very specific challenges in the notice of appeal, described above, cannot legitimately be stretched to encompass the issues NLLP raised later. Nowhere in the notice of appeal is any mention made of Section 71.62 or the subjects of evaluation of sites for suitability for on-lot sewage systems. Further, the challenges under Section 71.21 (which NLLP has since abandoned) are to very specific provisions that have nothing to do with NLLP's later claim that the Authority, rather than the Township, has power over the method of providing public sewerage or the size of a replacement sewer line.

NLLP also cites *Croner, Inc. v. Department of Environmental Resources*, 139 Pa.Commonwealth 43, 589 A.2d 1183 (1991), where this Court reversed a Board conclusion that a party's challenge to a particular regulation as assertedly violative of a statute was waived because it was not stated in the notice of appeal. The Court noted that the

---

2. These issues are derived from the Pre–Hearing Memorandum submitted by NLLP, specifically, Contentions of Law ##1 and 2, which assert that a municipality lacks the power to establish the method by which a separately constituted sewer authority will provide service in areas designated by the official plan as publicly-sewered areas and that it is for the municipal authority, not the Township, to determine the size of the replacement line, and Contention of Law #5, which asserts generally violations of many requirements of Section 71.21 and asserts specifically violations of 25 Pa.Code § 71.62(a) and (c).

3. The scope of this Court's review of an order of the Board is to determine whether substantial evidence in the record supports the necessary findings of fact and whether constitutional rights were violated or an error of law was committed. *Starr v. Department of Environmental Resources*, 147 Pa.Commonwealth Ct. 196, 607 A.2d 321 (1992).

4. Board Rule 21.53, 25 Pa.Code § 21.53, relating to appeal nunc pro tunc, provides that the Board may grant a written request for leave to file an appeal nunc pro tunc upon a showing of good cause, which standard shall be the same as the standards applicable in analogous cases in the courts of common pleas.

notice of appeal raised in general terms the issue of compliance with authority given by law by stating that the action of DER in placing certain conditions on a mine drainage permit " 'is otherwise contrary to law and in violation of the rights of Appellant.' " *Croner,* 139 Pa.Commonwealth Ct. at 53, 589 A.2d at 1187. NLLP notes the Board's reasoning in this case that, where only specific challenges are raised in a notice of appeal, to permit later unrelated challenges would mean that the mere filing of an appeal would be sufficient to raise new grounds for appeal after the period specified in 25 Pa.Code § 21.52.

NLLP argues that the Board's analysis permits the inclusion of "boilerplate" language stating a general objection to legitimize the later raising of any issue at all, but it prevents NLLP from raising issues that are refinements of the issues actually raised. NLLP contends that such a result violates a prohibition against elevating form over substance, citing, among other cases, *Hughey v. Robert Beech Associates,* 250 Pa.Superior Ct. 6, 378 A.2d 425 (1977) (plaintiff's allegation that money in question was rightfully his and allowing defendant to keep it would "bring about an injustice" stated cause of action for unjust enrichment; denying recovery for failure to use the words "unjust enrichment" would be an absurd elevation of form over substance).

Although NLLP's argument is not without force, ultimately it must fail. NLLP's disagreement is with this Court rather than with the Board, which correctly applied this Court's decisions. *Hughey* and the other cases relied upon by NLLP were civil actions at law or in equity, which are governed by different procedural rules and principles. In a civil action a plaintiff must plead the material facts upon which his or her cause of action is based; however, it is the duty of the court to discover from the facts alleged the cause of action, if any, stated therein. *Burnside v. Abbott Laboratories,* 351 Pa.Superior Ct. 264, 505 A.2d 973 (1985). *See also Jefferson Memorial Park v. West Jefferson Hills Sch. Dist.,* 397 Pa. 629, 156 A.2d 861 (1959); 4 Standard Pennsylvania Practice 2d § 21:36 (1993).

In *Pennsylvania Game Commission v. Department of Environmental Resources,* 97 Pa.Commonwealth Ct. 78, 509 A.2d 877 (1986), *aff'd on other grounds,* 521 Pa. 121, 555 A.2d 812 (1989), referring to a petition to amend a notice of appeal to add new grounds, this Court specifically noted the difference in applicable procedures:

> In either case, whether we term the petition a new set of specified grounds filed after the thirty days or an appeal *nunc pro tunc,* it is clear that the Board need not grant the petition absent a showing of good cause. Thus, this is not a case like a civil suit, where leave to amend should be liberally granted absent an error of law or prejudice to the opposing party.... Instead, the failure to file specific grounds for appeal within the thirty-day period is a defect going to jurisdiction, and the time period cannot be extended *nunc pro tunc* in the absence of a showing of fraud or breakdown in the court's operation.

*Id.,* 97 Pa.Commonwealth at 94, 509 A.2d at 886 (citations omitted). As the Board cogently commented: "Were we to hold otherwise, the mere filing of an appeal would be enough to allow the addition of new grounds for appeal, and the *Croner* exception would swallow the *Game Commission* rule." Board's Opinion at 9.

### B.

■ Next NLLP contends that DER knew of NLLP's intention to raise the two issues in dispute when NLLP filed its pre-hearing memorandum, which was well before the time it was due. DER thus had notice of NLLP's intentions, but it failed to object in its own pre-hearing memorandum. Therefore, NLLP asserts, DER waived this issue. As 25 Pa.Code § 21.52 expressly states, and as this Court acknowledged in *Pennsylvania Game Commission,* the question of the timely raising of an issue before the Board is jurisdictional. "Subject matter jurisdiction is beyond the control of the parties and cannot be acquired by estoppel, waiver or consent." *Simpkins v. Disney,* 416 Pa.Superior Ct. 243, 250, 610 A.2d 1062, 1063 (1992). It may be

raised at any time during the proceedings, even on appeal. *Id.*

### C.

█ Finally, NLLP argues that the Board should have granted it leave to amend its notice of appeal to state the later-raised issues under the *Pennsylvania Game Commission* holding that a petitioner may do so for "good cause." NLLP asserts that it learned through discovery that it is questionable whether the soils in the CM district are suitable for on-lot sewage systems, that the Township in preparing the approved plan did not perform any soil profile or percolation tests and that DER made no independent study of soil suitability. NLLP avers that through discovery it learned of DER's policy of requiring a municipality to include information concerning the specific size of sewer to be owned by a separately constituted sewer authority, even though the regulations in Chapter 71 of 25 Pa.Code do not require such information. It relates that it learned through discovery in its action filed in the Court of Common Pleas of Bucks County against the Authority that the Authority had prepared a draft "Act 537" sewage plan proposing a larger sewer line, which would extend into the CM district.

DER notes that NLLP filed its pre-hearing memorandum raising the issues now in dispute before it conducted discovery in this proceeding. It argues that the purpose of discovery generally and of that conducted pursuant to the first pre-hearing order in this case is to provide parties the opportunity to reinforce or abandon contentions raised in the notice of appeal, not to provide an excuse to add new grounds for appeal or to change the grounds for appeal completely shortly before a scheduled hearing.

On this point also the Board relied upon *Pennsylvania Game Commission.* There the Court characterized a party's "Petition to Amend" as an appeal to the Board nunc pro tunc stating new legal grounds. The Court noted that the record reflected an absence of good cause shown for untimeliness in raising the new issues except for an allegation that the new grounds of appeal were learned of through discovery. Citing 25 Pa.Code § 21.51(e), the Court stated: "This does not normally constitute good cause in Board practice unless the party has already pleaded the requirement of discovery to elucidate the grounds of appeal in the original appeal filed timely within the thirty-day period." *Pennsylvania Game Commission,* 97 Pa.Commonwealth Ct. at 94, 509 A.2d at 886.

The Board observed that with the facts NLLP had before it it could have stated its assertions as to the impropriety of the revision's specification of the sewer line size when it filed its notice of appeal: NLLP knew then that the revision showed the size, that the Authority owned the sewer line and what the provisions of Chapter 71 of 25 Pa.Code stated. As for the contentions based on 25 Pa.Code § 25.62, the Board interpreted *Pennsylvania Game Commission* as establishing a standard of fraud or breakdown of the Board's operations, where the party has not reserved a right to amend a petition based on facts learned through discovery. This Court agrees. Under 25 Pa. Code § 21.51(e) and *Pennsylvania Game Commission,* NLLP had the opportunity to plead in a manner that would have permitted it to amend based on information it gained later, but it did not do so. Therefore, the Board did not err in denying NLLP leave to amend. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 1st day of June, 1995, the order of the Environmental Hearing Board is affirmed.

KELTON, Senior Judge, did not participate in the decision in this case.