IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Noemi Aviles,                  :
                 Petitioner       :
                                :
           v.                 : No. 1961 C.D. 2016
                                : SUBMITTED: May 5, 2017
Department of Human Services,    :
                Respondent      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                FILED: August 25, 2017


Noemi Aviles petitions for review of the November 18, 2016 order of the Secretary of the Department of Human Services (Department) upholding the final administrative action of the Department of Human Services, Bureau of Hearings and Appeals (Bureau), dated March 31, 2016, which affirmed the decision of the Administrative Law Judge (ALJ). The ALJ denied Aviles' appeal of the Department's assessment of personal liability against Aviles based upon her receipt of cash assistance (CA) benefits in the amount of $3795.00.[1] We affirm.

---

[1] The Department only seeks to recover $2846.25, which is the CA benefits amount of $3795.00 less the Department's *pro rata* share (25 percent) of the attorney fees.

Aviles was a recipient of Medical Assistance (MA) and CA benefits. On January 20, 2014, Aviles was involved in a motor vehicle accident. On September 17, 2014, counsel for Aviles filed a personal injury claim with the State Farm Insurance Company due to the accident. On November 6, 2014, counsel for Aviles sent the Department a letter requesting a statement of claim letter. On January 14, 2015, Aviles settled the personal injury claim. On January 15, 2015, Aviles' counsel again requested a statement of claim letter. On January 22, 2015, the Department sent Aviles' counsel a letter explaining the statutory requirements regarding personal injury claims for recipients of MA and CA benefits, along with a casualty incident information form for Aviles to fill out and return.

On January 30, 2015, the Department received the casualty incident information form from Aviles. On March 18, 2015, the Department sent Aviles' counsel a letter indicating that his request for a statement of claim letter was received and would be processed in approximately 12-16 weeks. On April 30, 2015, the Department sent Aviles' counsel the statement of claim letter, which indicated that Aviles had received MA benefits totaling $1179.42 and CA benefits totaling $3795.00 during the applicable time period.[2]

Aviles' counsel appealed the CA benefits portion of the claim, alleging that the Department's delayed notification of the CA benefits claim was unfair. Aviles' counsel set forth that he had no notice of Aviles' receipt of CA

---

[2] Aviles received $3795.00 in CA benefits from February 20, 2014 through February 3, 2015.

benefits prior to his receipt of the Department's statement of claim letter and, therefore, he had already disbursed the settlement funds.

On December 8, 2015, the Bureau conducted an administrative hearing. On March 31, 2016, the Bureau issued its final administrative action order denying Aviles' appeal. On May 2, 2016, the Department Secretary granted reconsideration. On November 18, 2016, the Secretary issued a final order upholding the Bureau's adjudication. Aviles now petitions for review with this Court.[3]

Initially, Aviles contends that the Department should be estopped from asserting a subrogation lien related to the CA payments because of its inequitable conduct in unduly delaying the processing of Aviles' counsel's request for the statement of claim letter. Aviles argues that the Department did not specifically advise Aviles' counsel that there was a lien for CA benefits, as well as MA benefits, when it had that information in its possession. Aviles further argues that the Department has unclean hands because it asserts that Aviles should have provided notice of the claim in a timely manner when the Department did not provide notice of its lien in a timely manner.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Pursuant to the Human Services Code (Code),[4] a recipient of CA benefits must provide "timely and accurate information required under section 432.2." Section 405.3(a)(1) of the Code, added by the Act of June 16, 1994, P.L. 319, *as amended*, 62 P.S. § 405.3(a)(1). Section 432.2(b) of the Code, added by the Act of July 15, 1976, P.L. 993, *as amended*, sets forth that an applicant must provide information necessary for the Department to determine the applicant's continued eligibility. 62 P.S. § 432.2(b). The recipient is required "to report in accordance with section 432.14 of [the Code] any changes in income or resources … which may affect eligibility." Section 432.2(d) of the Code, 62 P.S. § 432.2(d). Section 432.14(b) of the Code again places the responsibility of reporting any changes with the recipient of the benefits. 62 P.S. § 432.14(b).

Further, pursuant to 23 Pa. C.S. § 4604(d), a recipient of CA benefits must reimburse the Department for funds it expended as follows:

> the [D]epartment shall have a first lien against the proceeds of any cause of action that existed during the time an individual … received cash assistance. Unless otherwise directed by the [D]epartment, no payment or distribution shall be made to a claimant … of the proceeds of any action, claim or settlement where the [D]epartment has an interest without first satisfying or assuring the satisfaction of the interest of the Commonwealth. Any person who, after receiving notice of the [D]epartment's interest, knowingly fails to comply with this subsection shall be liable to the [D]epartment, and the [D]epartment may sue and recover from the person.

---

[4] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101 – 1503.

As Aviles' counsel acknowledged, Aviles was receiving CA benefits at the time of her injury and during the pending settlement of her personal injury claim. However, Aviles failed to notify the Department that she had a pending claim. The burden is on the recipient of CA to notify the Department of an impending lawsuit or settlement. *See* 62 P.S. §§ 405.3(a)(1), 432.2(b), 432.2(d), and 432.14(b); 23 Pa. C.S. § 4604(d); and 55 Pa. Code §257.23. Here, the Department received notice on January 15, 2015, and sent Aviles' counsel a letter on January 22, 2015 that explained the statutory requirements for recipients of MA and CA benefits with regard to personal injury claims and also included a form that Aviles needed to fill out and return. This letter specifically informed Aviles that:

> [n]o distribution may be made of any settlement without first satisfying, or assuring satisfaction, of the Department's Interest in the case. [Section 1409(b)(9) of the Code, added by the Act of July 10, 1980, *as amended*,] 62 P.S. § 1409(b)(9). No settlement you negotiate with the tortfeasor or his insurance company will discharge the Department's claim for MA and/or CA reimbursement unless satisfactory arrangements are made to repay our claims. 55 Pa. Code §§ 259.3(c) and 259.4(c).

(Department Letter, R.R. at 21a.) Upon Aviles' return of the informational form to the Department, the Department provided Aviles' counsel a letter informing him that the statement of claim letter should be processed in 12-16 weeks. The Department sent counsel the statement of claim letter on April 30, 2015.

Pursuant to 23 Pa. C.S. § 4604, and the Department's January 22, 2015 letter to counsel, the Department must be paid first, before any distributions are made from any settlement. However, Aviles' counsel ignored the statute and

the letter and distributed the proceeds prior to receiving the Department's statement of claim letter.

Because Aviles' counsel failed to adhere to the statute when he distributed the proceeds prior to receiving the Department's statement of claim letter, the Secretary did not err in upholding the Bureau's determination.

Next, Aviles contends for the first time on appeal to this Court that the Department's action in compelling Aviles' counsel to retain Aviles' funds in counsel's escrow account for an unreasonably long period of time is unlawful and a violation of counsel's ethical duties related to retention of client funds.[5]  Because Aviles did not raise this issue at the administrative hearing, it is waived.  See 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a)(3); and *Newtown Land Limited Partnership v. Department of Environmental Resources*, 660 A.2d 150 (Pa. Cmwlth. 1995).

Accordingly, we affirm the Secretary's decision.

_____
JULIA K. HEARTHWAY, Judge

---

[5] Pennsylvania Rules of Professional Conduct 1.15(e) states that "a lawyer shall promptly deliver to the client or third person any property, including but not limited to Rule 1.15 funds, that the client or third party is entitled to receive…."  We note that pursuant to 23 Pa. C.S. §4604(d), Aviles was not entitled to receive any funds until the Department was reimbursed for the CA benefits.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Noemi Aviles, : 
              Petitioner : 
               : 
          v. : No. 1961 C.D. 2016
               : 
Department of Human Services, : 
              Respondent : 

## O R D E R

AND NOW, this 25th day of August, 2017, the order of the Secretary of the Department of Human Services, Bureau of Hearings and Appeals, in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge