446

420 A.2d 625

In the Matter of D.L.S. and J.L.S.

Appeal of K.A.S., Natural Mother.

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed June 13, 1980.

Eugene J. Brew, Jr., Erie, for appellant.

Kevin J. Kingston, Erie, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

448

■■■■■■■■■

PRICE, Judge:

This appeal challenges the propriety of the hearing court's order dismissing appellant's preliminary objections to a petition for custody filed by the natural father. The petition alleged that the contestants, both lifelong residents of Erie County, were married on April 20, 1974, and produced two children–D.L., born February 26, 1975, and J. L., born July 18, 1978. In February of 1978, the parents separated, and appellant, accompanied by her firstborn son, moved to her parents' home in Erie, where her second son was born. Appellee continued to live and work in Erie, and on September 7, 1978, appellant returned with the children to the marital residence. She remained there until September 19, 1978, when she took the children and moved to Florida, where they now reside.

Appellee instituted this action in Pennsylvania on October 11, 1978, seeking a determination of custody of the children. Appellant's preliminary objections in response to the petition alleged that the court lacked jurisdiction to determine custody because the mother and children reside in Florida, making it the most convenient forum, and because a custody action was already pending in Florida. The hearing court received briefs by the parties, heard oral argument, and then dismissed the objections. Appellant claims that before rendering a decision on jurisdiction, the court was required by the Uniform Child Custody Jurisdiction Act, Act of June 30, 1977, P. L. 29, No. 20, § 1, 11 P.S. § 2301, *et seq.*, to take evidence by hearing, deposition or other manner. We disagree and, consequently, affirm the order of the court of common pleas.

■■■ The hearing court's disposition of preliminary objections is governed by Pa.R.C.P. No. 1028(c) which states: "The court shall determine promptly all preliminary objections. *If an issue of fact is raised*, the court shall take evidence by depositions or otherwise." (emphasis added). *Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899

(1974); *Alumbaugh v. Wallace Business Forms, Inc.*, 226 Pa.Super. 511, 313 A.2d 281 (1973). When no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone. *Northvue Water Co. v. Municipal Water & Sewer Authority*, 7 Pa.Cmwlth. 141, 298 A.2d 677 (1972); 4 Standard Pennsylvania Practice ch. 13, § 19. Appellant's preliminary objections raise an issue of law, jurisdiction, without raising any factual issues that would necessitate the reception of evidence. None of the dates or acts alleged in the petition that are critical to the determination of jurisdiction are disputed by appellant within her objections.

■ Furthermore, the petition placed sufficient information before the hearing court for it properly to determine that this matter is within its jurisdiction under the Uniform Child Custody Jurisdiction Act. That Act limits jurisdiction in the following manner:

"(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State;

(2) it is in the best interest of the child that a court of this State assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State; and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; [1]

(b) ... physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." 11 P.S. § 2304.

"Home state" is defined by the Act as the state in which the child lived with his parents or a parent for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth. 11 P.S. § 2303. Clearly, the hearing court has jurisdiction under paragraph (1) since Pennsylvania continued to be the home state of the children despite their move to Florida. Until that time, both children had resided in Pennsylvania for their entire lifetimes and had lived in Florida less than a month when this custody proceeding was commenced.

The court also has a separate basis for jurisdiction under the strength of contacts test of paragraph (2).[2] Both the parents and the children retain a significant connection with Pennsylvania because of the length of their residence here. Evidence concerning the children's present and future care, protection and training will have to be gathered almost entirely from Pennsylvania since appellee continues to live

---

1. The Act provides three other bases of jurisdiction for situations in which the child needs immediate attention, no other court could or would assume jurisdiction, or child welfare agencies have made an investigation. As these are inapplicable to the present case, we confine our attention to paragraphs (1) and (2) which establish the two major bases of jurisdiction.

2. It is not necessary that the criteria of both paragraphs (1) and (2) be met before the court can properly find jurisdiction since each paragraph of 11 P.S. § 2304 is an independent basis of authority. Thus, paragraph (2) is employed when the home state test cannot be met or as an alternative to that test. See Uniform Child Custody Act (U.L.A.) § 3, Commissioner's Note.

and work in Pennsylvania and the bulk of the witnesses who know the parties well and know of their past care of the children are located here. These contacts indicate that the best interest of the children will be served by finding jurisdiction in the courts of this Commonwealth.

Appellant argues that since this test for jurisdiction mentions the best interests of the child, it requires a hearing before the court can make that determination. We find, however, that the statute clearly defines the relevant considerations in determining the children's best interests and that application of the facts contained in the petition to these considerations leaves us no doubt that Pennsylvania is a favored forum for these proceedings. Since the hearing court was provided with the essential facts to resolve the question of its jurisdiction, and there being no dispute over these facts, the reception of further evidence was unnecessary, and the court properly disposed of the objections in a prompt manner as mandated by Pa.R.C.P. No. 1028(c).

■ Appellant also argues that since the mother and children are residing in Florida, Pennsylvania is an inconvenient forum, and the court should decline to exercise jurisdiction. We disagree because before declining jurisdiction on this ground, the court must find that a court of another state is a more appropriate forum. 11 P.S. § 2408. In light of the very brief presence in Florida of the children and one of the contestants--a mere three and one–half weeks--and the lack of any prior connections there, it is difficult to understand how a Florida court could properly exercise jurisdiction under the criteria of the Uniform Child Custody Jurisdiction Act.[3] Moreover, even if, by reason of this brief residence,

3. The grounds for jurisdiction are supplemented by subsection (b) of 11 P.S. § 2304 which states that physical presence of the children and one of the contestants is not alone sufficient to confer jurisdiction. This subsection is intended to guard against too liberal an interpretation of paragraph (2) which confers jurisdiction on a state with strong contacts with the children and the family. *See* Uniform Child Custody Jurisdiction Act (U.L.A.) § 3, Commissioner's Note.

concurrent jurisdiction could be found under paragraph (2) of the jurisdictional section, 11 P.S. § 2304, thereby making Florida an appropriate forum, it is not a *more* appropriate forum and the children's best interests will not be furthered by allowing a court in that state to exercise jurisdiction. Florida is not the children's home state, does not have the close connection to the family, and lacks the presence of a substantial amount of evidence concerning the present and future care and training of the children. The inconvenience to appellant and the children of traveling that is caused by the exercise of jurisdiction by a Pennsylvania court cannot outweigh the strength of the contacts with this Commonwealth.[4]

Appellant's final preliminary objection alleged that a custody proceeding was already pending in Florida. We are mindful that under the Uniform Child Custody Jurisdiction Act a Pennsylvania court must yield jurisdiction if prior to filing a petition in Pennsylvania, a proceeding was commenced in a court of another state "exercising jurisdiction substantially in conformity with this act." 11 P.S. § 2407. As discussed previously, we do not believe that a Florida court could exercise jurisdiction in conformity with the Act, and thus, the Court of Common Pleas of Erie County should not be forced on this basis to yield jurisdiction. We also find it significant, as noted by the hearing court, that the allegation of a pending action was not made under oath or substantiated in any manner. Since appellant has made no further reference to a pending action in her brief to this court, we conclude it should not be considered a barrier to the exercise of jurisdiction by a court of this Commonwealth.

We affirm the order in the court of common pleas.

---

**4.** In her preliminary objections, appellant proffers the tender age of her second son, apparently as a reason why it is impossible for her to travel to Pennsylvania at this time. Since she was capable of traveling with this child from Pennsylvania to Florida when he was but two months old, we find it difficult to understand why it would be any more difficult or hazardous now that he is three months old.