474 A.2d 1124

**James Henry CARPENTER, III, James Henry Carpenter, Jr., and Evelyn Carpenter, his wife, Appellants,**

**v.**

**Rachel Brink CARPENTER and Bernadette B. Brink.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1983.

Filed March 30, 1984.

William Caprio, III, Williamsport, for appellants.

John F. Pyfer, Jr., Lancaster, for appellees.

Before SPAETH, President Judge, and BROSKY and HOFFMAN, JJ.

SPAETH, President Judge:

This is a child custody case. The trial court vacated its temporary custody order, and stayed the custody proceeding before it, on the ground that it should defer to a trial court in Massachusetts, which was exercising its jurisdiction to decide custody. We affirm.

Appellant, James Carpenter, III, is the father of two boys, one born September 9, 1981, the other, August 22, 1982. Appellants James Carpenter, Jr., and Evelyn Carpenter are the paternal grandparents of the children. Appellee Rachel Carpenter is the mother and appellee Bernadette Brink the maternal grandmother of the children. The children lived with their parents in Atglen, Chester County, until September 1982, when their father was placed in the Allenwood Federal Penitentiary. The children continued to live with their mother in Atglen until April 5, 1983, when their mother voluntarily relinquished custody of them to their maternal grandmother, who on the same day took them to Massachusetts to live with her. On April 8 the

maternal grandmother filed a petition for custody of the children with a court in Massachusetts. The Massachusetts court granted the maternal grandmother temporary custody of the children for 90 days, and ordered that a hearing be held on June 15 to determine custody; the court also issued a temporary restraining order prohibiting the paternal grandparents [1] from removing the children from Massachusetts.

On April 14, 1983, the children's mother was taken into custody and placed in the Lancaster County prison. The children's father instituted divorce proceedings the same day.

On April 15, 1983, appellants petitioned the trial court in Chester County for temporary custody of the children. On April 18 the court, unaware of the Massachusetts custody order, issued an order granting temporary custody to appellant and scheduled a custody hearing for June 6.

■ On May 6, 1983, the trial court in Massachusetts entered jurisdictional findings of fact and conclusions of law in support of its April 8th order. Appellees then petitioned the trial court in Chester County for a stay of the custody proceeding before it on the ground that the Massachusetts court was already exercising its jurisdiction to decide custody. On May 20 the court granted appellees' petition for a stay and vacated its April 18th order granting temporary custody to appellants. The appeal now before us is from this order of May 20.[2]

■ The Uniform Child Custody Jurisdiction Act (UCCJA) was enacted in Pennsylvania (with only insubstantial

1. The court's order erroneously refers to the paternal grandfather as Joseph Carpenter, Sr., rather than Jr.

2. Although "orders staying proceedings to await the termination of related proceedings in another court are generally interlocutory in nature, [this] should not be viewed as a blanket rule without exception to be applied in all cases involving stay orders. Whether or not a stay order should be considered final for appeal purposes depends to a large extent upon the practical effect and impact the stay order might have on the relief requested by the litigants. If the effect of the stay order is tantamount to a dismissal of the cause of action or amounts

changes in wording) by the Act of June 30, 1977, P.L. 29, No. 20, now found at 42 Pa.C.S.A. § 5341 *et seq.* Section 5344(a)(1), (2) provides:

(a) **General rule.**—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth;

(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved." *Philco Corp. v. Sunstein,* 429 Pa. 606, 609, 241 A.2d 108, 109 (1968) (footnotes omitted). Here, appellants request that we order the trial court to exercise its jurisdiction to decide custody. Under the Uniform Child Custody Jurisdiction Act, enacted in Pennsylvania by the Act of June 30, 1977, P.L. 29, No. 20, now found at 42 Pa.C.S.A. § 5341 *et seq.,* the courts of this Commonwealth must recognize and enforce out-of-state custody decrees. 42 Pa.C.S.A. § 5354. Thus, if the Massachusetts trial court awards, or has already awarded, custody to appellees, appellants will have to seek a modification of that order. To obtain such a modification, appellants will have to show a change in circumstances, *Reed v. High,* 254 Pa.Super. 367, 385 A.2d 1384 (1978), and meet the requirements of 42 Pa.C.S.A. § 5355(a) (relating to modifications of custody decree of another state). By its order of May 20, vacating its earlier award of temporary custody and staying the custody proceeding before it, the trial court effectively precluded appellants from litigating the case in Pennsylvania. Its order thus has the same effect as a dismissal and is therefore a final appealable order.

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child;

The Act defines "home state" as the state in which the child lived with his parents for at least six months immediately preceding the custody action. 42 Pa.C.S.A. § 5343. Therefore, here the trial court in Chester County had jurisdiction under section (1) of Section 5344(a), since Pennsylvania is the home state and the parents live in Pennsylvania, and also under section (2), since both the parents and the paternal grandparents live in Pennsylvania and there is substantial evidence in Pennsylvania concerning the case.

■ As has been stated, at the time the custody proceeding was initiated in the trial court in Chester County, the Massachusetts court had already entered a temporary custody order and scheduled a hearing. 42 Pa.C.S.A. § 5347(a) provides:

(a) **General rule.**—A court of this Commonwealth shall not exercise its jurisdiction under this subchapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter.

The trial court in Chester County was unaware of this fact, for appellants did not inform the court of the Massachusetts proceeding, although they had been notified of it. *See*, Appellants' Answer to Petition to Stay Custody Proceedings, paragraph 7. Once informed of the Massachusetts proceeding by appellees' petition for a stay, the trial court in Chester County was required to enter a stay. 42 Pa.C.S.A. § 5347(c) provides:

(c) **Stay; communication with other court.**—If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the

end that the issue may be litigated in the more appropriate forum and that information be exchanged.

If a court of this Commonwealth has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact.

Thus, here, in entering its order of May 20, 1983, vacating its earlier award of temporary custody and staying the custody proceeding before it, the trial court simply complied with Section 5347(c). Also in compliance with Section 5347(c), the court communicated with the Massachusetts court, and was advised by that court that it intended to assert continuing jurisdiction. Slip op. of trial court at 4.

Appellants argue that the Massachusetts court does not have jurisdiction. However, we need not determine whether the Massachusetts court has jurisdiction; we need only determine whether the trial court in Chester County erred in refusing to exercise its jurisdiction.

42 Pa.C.S.A. § 5347(a) provides that the court in one state must not exercise jurisdiction if the court in the other state is exercising jurisdiction substantially in conformity with the Act. Here, the Massachusetts court was exercising jurisdiction substantially in conformity with Section 3(a)(3) of the UCCJA, which provides for parens patriae jurisdiction:

(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(3) the child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected [or dependent].

9 Uniform Laws Annotated, p. 122, West Publishing Co. 1979. *See also,* 42 Pa.C.S.A. § 5344(a)(3).[3]

---

**3.** Massachusetts has not adopted the UCCJA, although the courts there, including the Massachusetts court in its opinion in this case, have cited it with approval. *See, e.g., Murphy v. Murphy,* 380 Mass.

The children were present in Massachusetts. The father was in no position to exercise his parental rights, and the mother had voluntarily relinquished custody of the children. Since the parents were therefore either not able or not willing to care for the children, the Massachusetts court determined that the children were abandoned, and assumed parens patriae jurisdiction. Slip op. of Massachusetts court in support of jurisdictional findings at 3.[4] *Cf., Wenz v. Schwartze*, 183 Mont. 166, 598 P.2d 1086 (1979) (abandonment found for jurisdictional purposes where mother relinquished custody and father took no action to gain custody).

■ Even if the Massachusetts court did not have jurisdiction, the underlying policy of the UCCJA supports the decision of the trial court in Chester County not to exercise its jurisdiction. The Commissioners' Note to Section 6 of the UCCJA concerning simultaneous proceedings in other states states:

> When the courts of more than one state have jurisdiction ... priority in time determines which court will proceed in the action.... While jurisdiction need not be yielded ... if the other court would not have jurisdiction under the criteria of the Act, the policy against simultaneous custody proceedings is so strong that it might in a particular situation be appropriate to leave the case to the other court even under such circumstances.

Commissioners' Note, 9 Uniform Laws Annotated, *supra* at 135. *See also* 42 Pa.C.S.A. § 5347(c).

454, 404 N.E.2d 69 (1980). We nevertheless apply the provisions of the Act to this case, for it "is not a reciprocal law. It can be put into full operation by each individual state regardless of enactment of other states." *Comment of Commissioners, 9 Uniform Law Annotated* at 114, West Publishing Co. 1979.

4. The court also assumed jurisdiction under the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A(c)(2)(C), which provides:
   (c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
   (1) such court has jurisdiction under the law of such State; and
   (C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

■■■ Appellants argue that even if the Massachusetts court has jurisdiction, Pennsylvania is the more appropriate forum since it is the home state of the children and substantial evidence concerning the case is in Pennsylvania. However, under 42 Pa.C.S.A. § 5347(c) the trial court is not obliged to exercise its jurisdiction when there is substantial evidence in Pennsylvania. Rather the trial court's action was proper in the circumstances. As has been stated, the court communicated with the Massachusetts court to determine whether that court intended to assert continuing jurisdiction. When advised by that court that it would continue to assert jurisdiction, the trial court stayed its proceedings, stating that it "[took] this action reluctantly but clearly mindful of the necessity to 'avoid jurisdictional competition and conflict with Courts in other states in matters of child custody which have in the past resulted in shifting children from state to state with harmful effects on their well-being.'" Slip op. at 4, quoting 42 Pa.C.S.A. § 5342(a)(1).

Appellants argue that the trial court's action goes against the stated purposes of the UCCJA. 42 Pa.C.S.A. § 5342(a) provides:

**1) Purposes.**—The general purposes of this subchapter are to:

(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child.

(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this Commonwealth decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

(6) Avoid relitigation of custody decisions of other states in this Commonwealth insofar as feasible.

(7) Facilitate the enforcement of custody decrees of other states.

(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this Commonwealth and those of other states concerned with the same child.

Appellants rely on subsections (2), (3), and (5). They argue that Pennsylvania can best decide the case, it is the state that the children have the closest connection with, and

[m]ost importantly, the Court below should have exercised its jurisdiction to deter the type of conduct engaged in by the Appellees in this case, i.e. the abduction and unilateral removal of the two minor children to Massachusetts, solely to obtain an advantageous and sympathetic forum.

Brief for Appellants at 13–14.

■ This argument is not supported by the record, which is not that the children were "abduct[ed]" but that the mother voluntarily relinquished custody of them to the maternal grandmother. *See* Affidavit of Rachel B. Carpenter in Support of Petition for Guardianship. Appellants would have this court order the trial court to entertain their custody petition without regard to the Massachusetts proceeding. The result would be two competitive proceedings, resulting in separate and perhaps conflicting custody decrees.[5] Such an order would contravene the purposes of the UCCJA, *see*, 42 Pa.C.S.A. § 5342(a)(I), (4), (6), (7), (8), and the policy that underlies the Act:

5. This appeal was filed before the June 15th custody hearing in Massachusetts. The record therefore does not reflect who was awarded custody of the children by the Massachusetts court.

Underlying the entire Act is the idea that to avoid the jurisdictional conflicts and confusions which have done serious harm to innumerable children, a court in one state must assume major responsibility to determine who is to have custody of a particular child.... If this can be achieved, it will be less important *which* court exercises jurisdiction but that courts of the several states involved act in partnership to bring about the best possible solution for a child's future.

Comment of Commissioners, 9 Uniform Laws Annotated, *supra* at 114 (emphasis in original).

Appellants rely on *Commonwealth ex rel. Octaviano v. Dombrowski*, 290 Pa.Super. 322, 434 A.2d 774 (1981). In that case, after the father of the child filed a custody action in Pennsylvania, the mother and child moved to New York. The trial court dismissed the father's custody action, finding that since the mother and child lived in New York, Pennsylvania was an inconvenient forum. This court reversed, holding that Pennsylvania was the more appropriate forum. *Octaviano* is distinguishable from this case. In *Octaviano* there was not, as there is here, any simultaneous proceeding in another state. Here the trial court declined to exercise jurisdiction, not because Pennsylvania was an inconvenient forum but because the Massachusetts court had already assumed and was exercising jurisdiction.

Appellants also rely on *Matter of D.L.S.*, 278 Pa.Super. 446, 420 A.2d 625 (1980). In that case the trial court asserted its jurisdiction despite a pending custody proceeding in Florida. This court affirmed, finding that Pennsylvania was the more appropriate forum. *D.L.S.* is distinguishable from this case in two respects. First, in *D.L.S.* we found that the court in Florida could not exercise jurisdiction substantially in compliance with the Act. Second, in *D.L.S.* there was nothing in the record to prove that there was a custody proceeding pending in Florida. We said:

We also find it significant ... that the allegation of a pending action was not made under oath or substantiated in any manner. Since appellant has made no further

reference to a pending action in her brief to this court we conclude it should not be considered a barrier to the exercise of jurisdiction by a court of this Commonwealth. *Matter of D.L.S., supra,* 278 Pa.Superior Ct. at 452, 420 A.2d at 628.

In this case, the record includes certified copies of the Massachusetts proceeding, and, as has been discussed, it appears that the Massachusetts court is exercising jurisdiction substantially in compliance with the Act.

■ Finally, appellants argue that they were denied due process of law because they were not notified of the Massachusetts hearings on temporary custody and jurisdiction. We are mindful that section 5 of the UCCJA provides that notice to persons outside of the state must be given before a hearing on custody is held. *See also,* 42 Pa.C.S.A. § 5346. However, we are not prepared to hold that the Massachusetts proceeding is, or was, a nullity. The Massachusetts court's temporary custody order of April 8th was to be effective for 90 days only and the hearing on custody was scheduled to take place before the expiration of the 90 days. Although appellants were not notified of the hearing on temporary custody and jurisdiction, *but see* 42 Pa.C.S.A. § 5346(a) (notice to persons outside Commonwealth), they were notified of the entry of the temporary custody order and of the fact that a hearing to determine custody was scheduled for June 15th. They therefore had the opportunity to raise the issues of jurisdiction and inconvenient forum at the June 15th hearing. 9 Uniform Laws Annotated, UCCJA, § 7, *see also,* 42 Pa.C.S.A. § 5348. In addition, appellants had the opportunity, in fact the obligation, to bring the jurisdictional issue before the trial court in Chester County. 42 Pa.C.S.A. § 5350(c) requires every party to inform the court of any custody proceedings in another state. Instead, appellants did not so inform the trial court, but chose to ignore the Massachusetts proceeding and to attempt to obtain a custody order from the trial court.

Affirmed.