**In re the Marriage of Mark Eugene COLEMAN, petitioner, Appellant,**

v.

**Rachel Suzanne COLEMAN, Respondent.**

**No. C4–92–1397.**

Court of Appeals of Minnesota.

Dec. 1, 1992.

John M. Mulligan, Mulligan & Bjornnes, Minneapolis, for appellant.

Stephen C. Aldrich, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and KALITOWSKI and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Mark Eugene Coleman challenges the trial court's refusal to exercise jurisdiction under the Minnesota Uniform Child Custody Jurisdiction Act after respondent Rachel Suzanne Coleman moved with the parties' three children to Nebraska and obtained an ex parte order for temporary custody. We affirm.

## FACTS

The parties were married on June 1, 1985 in respondent's hometown of Lincoln, Nebraska. After the marriage, the parties lived in Minnesota. The parties have two daughters and a son, ages 11, 6, and 3, respectively. The oldest daughter is appellant's natural daughter from a prior marriage and was adopted by respondent during the parties' marriage.

In 1986, due to financial difficulties, the family moved to Lincoln. They moved back to Minnesota in the summer of 1987. The parties experienced continuing financial problems and marital strife. Respondent became fearful of appellant's violent outbursts of anger. The alleged incidents included yelling, threats, threatening gestures, grabbing and bruising respondent and the children, pushing respondent against a wall, and kicking objects in the household. In April 1992, seeking to end the emotional and physical abuse, respondent moved back to Lincoln with the children to be near her relatives.

Respondent filed a petition for marital dissolution in Nebraska District Court on April 8, 1992, alleging that an emergency existed because she believed appellant would continue to act violently. On April 21, 1992, the Nebraska petition was personally served on appellant in Minnesota. Two days later, the Nebraska court entered an ex parte order awarding temporary custody of the children to respondent.

The next day, respondent was served with appellant's Minnesota petition for marital dissolution. On April 30, 1992, respondent filed a notice of the Minnesota filing in the Nebraska court. The same day, respondent's Nebraska attorney mailed the ex parte order and copies of all documents filed in Nebraska to appellant's Minnesota attorney. On May 6, 1992, the Nebraska court issued an ex parte protection order.

Appellant's motion seeking exercise of Minnesota jurisdiction was heard on June 16, 1992 in Hennepin County District Court. Two days after the hearing, the Minnesota and Nebraska judges conferred by telephone and mutually agreed upon Nebraska jurisdiction. On June 25, 1992, the Minnesota trial court issued an order declining to exercise jurisdiction. The trial court, however, kept the matter "open pending a determination by the court in Nebraska regarding its jurisdiction over [appellant]." Appellant continues to challenge personal jurisdiction in Nebraska; respondent does not deny that personal jurisdiction could exist in Minnesota. Appellant challenges the trial court's failure to exercise Minnesota jurisdiction.

## ISSUE

Did the trial court err in declining to exercise jurisdiction under the Minnesota Uniform Child Custody Jurisdiction Act?

## ANALYSIS

■ On appeal, we review custody decisions for abuse of discretion, inquiring whether the trial court applied the law improperly or made findings without evidentiary support. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985). This standard applies in a multijurisdictional context. *See* Minn.Stat. § 518A.07, subd. 1 (1990) (court *may* decline to exercise jurisdiction if another state is more appropriate forum); *see also Sawle v. Nicholson*, 408 N.W.2d 173, 179 (Minn.App.1987) (court did not abuse discretion in exercising jurisdiction). The primary concern here is whether the trial court properly applied the Uniform Child Custody Jurisdiction Act (UCCJA), Minn.Stat. §§ 518A.01–25 (1990).

■ 1. *Substantial Conformity.* The UCCJA was designed to avoid jurisdictional conflict, promote exchange of information between states, avoid relitigating custody decisions of other states, and deter abductions and unilateral removals of children to obtain custody awards. Minn.Stat. § 518A.01, subd. 1. Minn.Stat. § 518A.06, subd. 1 requires that a Minnesota court

*shall not* exercise its jurisdiction under [the UCCJA] if * * * a proceeding concerning the custody of the child [is] pending in * * * another state exercising jurisdiction substantially in conformity with

the [Minnesota] provisions of [the UCCJA].

(Emphasis added.) Here, the trial court properly declined to exercise jurisdiction because the Nebraska dissolution action was filed first and the Nebraska court had already issued an ex parte temporary custody order.

■ "The act generally establishes a 'first in time priority.'" *In re Marriage of Schmidt,* 436 N.W.2d 99, 103 (Minn.1989) (quoting UCCJA § 6, 9 U.L.A. 219–20 (1988), *codified at* Minn.Stat. § 518A.06).

> Thus, before a Minnesota court can assert jurisdiction under the Act, it must first determine the existence or nonexistence of any pending custody proceeding in another state. If it finds one exists, it must stay its own proceedings here.

*Id.* at 103–04; *see also Carpenter v. Carpenter,* 326 Pa.Super. 570, 474 A.2d 1124, 1128 (1984) (under UCCJA, home state Pennsylvania required to stay proceedings once informed of prior Massachusetts proceedings). Determining jurisdiction under the UCCJA is a three-step process: (1) the court determines whether it has jurisdiction under section 3 of the Act;[1] (2) the court determines whether a custody proceeding is pending in another state which also has section 3 jurisdiction; and (3) if dual jurisdiction exists, an inconvenient forum analysis is applied. *Schmidt,* 436 N.W.2d at 104.

■ Nebraska adopted the UCCJA in 1979, now codified at Neb.Rev.Stat. §§ 43-1201–25 (1989). *See* UCCJA Table of Jurisdictions, 9 U.L.A. 115. The Nebraska Act is substantially the same as the Minnesota Act. *Cf.* Neb.Rev.Stat. § 43–1205, subd. 2 (14 days notice before hearing; 20 days notice in Minnesota under Minn.Stat. § 518A.05, subd. 2).

Appellant argues that the Nebraska ex parte proceeding does not conform to the UCCJA or other relevant provisions of Minnesota law. *See* Neb.Rev.Stat. § 42–

357 (Supp.1989) (permitting ex parte temporary custody order). In Minnesota, an ex parte order cannot be used to grant custody, "except upon a finding of the court of immediate danger of physical harm." Minn.Stat. § 518.131, subd. 3(b) (1990), *quoted in Schmidt,* 436 N.W.2d at 106; *see also* Minn.R.Gen.Pract. 303.04 (ex parte relief in family court proceedings).

Emergency jurisdiction is available under the UCCJA when a child has suffered from or been threatened by abuse. Minn.Stat. § 518A.03, subd. 1(c). In *Schmidt,* a Minnesota trial court's issuance of an ex parte custody order against a Georgia parent was held defective because of lack of proper notice and appropriate findings. *See Schmidt,* 436 N.W.2d at 102, 106. Because there was no showing of abuse or threats, *Schmidt* did not involve emergency jurisdiction. *Id.* at 104.

■ Here, given the affidavit respondent presented to the Nebraska court alleging emotional and physical abuse, issuance of an ex parte order granting temporary custody would have been permissible in Minnesota. Although a Minnesota order would have required particularized findings, *id.* at 106, we will not burden a Nebraska proceeding with Minnesota procedural law. The trial court properly avoided engaging in a "jurisdictional 'shouting match'" with the Nebraska court over the ex parte order. *Bowden v. Bowden,* 182 N.J.Super. 307, 440 A.2d 1160, 1164 (App.Div.1982) (remand to New Jersey court with instructions to communicate and cooperate with Nebraska court).

Under the UCCJA, the trial court was required to determine the existence of a Nebraska proceeding conforming with the UCCJA, and if so, to defer to Nebraska.[2] Taking respondent's allegations of abuse as true, emergency jurisdiction existed for issuance of the Nebraska ex parte custody order. Because the record indicates a sufficient basis for conforming emergency jur-

---

1. *Minn.Stat.* § 518A.03.

2. The Nebraska court's exercise of temporary jurisdiction did not necessarily confer permanent jurisdiction. *See, e.g., Utah in re D.S.K.,*

792 P.2d 118, 127 (Utah App.1990). Under the circumstances here, however, the trial court's decision to defer to continuing Nebraska jurisdiction was appropriate.

isdiction in Nebraska, the trial court properly deferred to the Nebraska proceeding.[3]

Moreover, we are mindful of the UCCJA's emphasis on jurisdictional harmony:

> While jurisdiction need not be yielded * * * if the other court would not have jurisdiction under the criteria of the Act, *the policy against simultaneous custody proceedings is so strong* that it might in a particular situation be appropriate to leave the case to the other court under such circumstances.

UCCJA § 6 cmt., 9 U.L.A. 220 (emphasis added), *quoted in Carpenter*, 474 A.2d at 1129. Which state exercises jurisdiction is less important than that the courts of the involved states act together in the children's best interests. *Carpenter*, 474 A.2d at 1130. Here, the trial court properly applied section 518A.06 in declining jurisdiction.

■ 2. *Home State.* Appellant argues the trial court erred in failing to determine the children's home state. The home state is the state where the children lived with their parents for at least six consecutive months immediately preceding the relevant time period. Minn.Stat. § 518A.02(e). Minnesota has custody jurisdiction if it is the child's home state at the commencement of the proceeding or was the child's home state within six months prior to the proceeding. Minn.Stat. § 518A.03, subd. 1(a).

■ That Minnesota was the children's home state as defined by section 518A.02(e) cannot be seriously disputed. Nevertheless, under the first-in-time priority of section 518A.06, it was not necessary for the trial court to reach a home state analysis. *See Carpenter*, 474 A.2d at 1129 (under section 6(c) of UCCJA, home state court not required to exercise jurisdiction even when substantial evidence is in that state).

■ 3. *Abduction.* Appellant argues that respondent abducted the children. *See* Minn.Stat. § 518A.01, subd. 1(b) (UCCJA designed to deter abduction). The trial court found:

Respondent removed the children fearing that Petitioner was a danger to the physical and emotional well-being of herself and the minor children. Hence, there was not an "abduction" of the sort that the UCCJA seeks to deter. Respondent merely sought to safeguard against any possible harm to herself and the minor children and chose Lincoln, Nebraska as a safe haven because she knew, having family there, that she would have an affordable and safe place to stay.

The trial court's safe haven concept is supported by respondent's affidavit. The trial court did not err in concluding that the children had not been abducted.

We reiterate that a principal purpose of the Uniform Act is to deter unilateral removals of children. Minn.Stat. § 518A.01, subd. 1. This opinion is not to be read to encourage out-of-state flight. Minnesota law disfavors unilateral and unjustifiable removal of children from jurisdiction of the home state.

### DECISION

The trial court properly applied the UCCJA and thus did not abuse its discretion in declining to exercise jurisdiction.

Affirmed.

---

**3.** The trial court's telephone communication with the Nebraska court pursuant to section 518A.06, subdivision 3 is further confirmation that the jurisdictional decision was a proper exercise of discretion.