COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia

IRENE D'AGNESE (GOULETAS)

OPINION BY
v.    Record No. 2466-94-2    CHIEF JUDGE NORMAN K. MOON
MARCH 19, 1996
VICTOR J. D'AGNESE

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

John K. Taggart, III (Patricia D. McGraw;
Tremblay & Smith, on briefs), for appellant.

Victor J. D'Agnese, pro se.

Irene D'Agnese appeals the circuit court's ruling that it had jurisdiction over the issue of child custody in divorce proceedings initiated by Victor D'Agnese. Mrs. D'Agnese argues that the court was prevented from assuming jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) because at the time it did so, a custody proceeding was pending in Illinois. We agree and reverse the circuit court's decree insofar as it assumes jurisdiction over the issue of child custody.

Irene Gouletas and Victor D'Agnese were married on August 24, 1978 in Chicago, Illinois. Mrs. D'Agnese's family resides in Chicago. Three of the couple's four children were born in Chicago. The family moved to Virginia in 1984, where their fourth child was born. The family resided in Virginia until 1992. On March 3 of that year, Mrs. D'Agnese filed for divorce in Virginia, requesting custody of the children.

On April 10, 1992, apparently without informing Mr. D'Agnese of her intentions, Mrs. D'Agnese took the four children to live with her family in Chicago. On April 20, 1992, Mrs. D'Agnese filed a petition for an order of protection with the Circuit Court of Cook County, Illinois. She claimed that the court had jurisdiction because the children were physically present in the state and it was necessary to protect them from mistreatment and abuse. In support of this claim, she described various acts by Mr. D'Agnese, including beating the children, holding a knife to her daughter's throat, and threatening to kill the family pets with a gun. Although the form petition requested information about other pending court actions between the parties, Mrs. D'Agnese did not advise the Illinois court that she had a petition for divorce pending in Virginia. On April 24, 1992, Mrs. D'Agnese voluntarily dismissed the Virginia divorce petition.

On April 20, 1992, the day Mrs. D'Agnese filed her petition, the Illinois court granted an emergency protection order. The order prohibited Mr. D'Agnese from entering Mrs. D'Agnese's home or office in Chicago and from removing the children from the state. The order also granted temporary custody of the children to Mrs. D'Agnese. Mr. D'Agnese was notified of this order after it was granted. On May 11, 1992, Mr. D'Agnese moved to dismiss on the grounds that the Illinois court was an inappropriate forum. The court refused to dismiss Mrs. D'Agnese's petition, and the emergency order was extended several times.

On or about May 1, 1992, Mrs. D'Agnese filed for divorce in Illinois. Several days later, Mr. D'Agnese filed for divorce in Virginia. Mrs. D'Agnese's Illinois petition for divorce and the petition for a protective order were consolidated. Mr. D'Agnese did not answer the Illinois petition for divorce, and a judgment for dissolution of the marriage was entered on March 22, 1993. The Illinois court granted custody of the children to Mrs. D'Agnese and continued the order of protection. It reserved rulings on visitation, support, maintenance, and attorney's fees. Mr. D'Agnese filed an appeal of the judgment, which was dismissed on February 25, 1994, apparently at Mr. D'Agnese's request.

On January 25, 1993, while both the Virginia and Illinois proceedings were pending, Mrs. D'Agnese filed a motion for abstention in the Virginia circuit court, asking that the court refrain from exercising jurisdiction due to the Illinois proceedings. On March 31, 1993, the Virginia trial judge issued a letter to the parties indicating that he had spoken with the judge in Illinois. The conversation took place after Mr. D'Agnese had defaulted in the Illinois divorce proceeding, but before the final decree was entered. The Illinois judge informed Judge Peatross that Mr. D'Agnese had made an appearance in her court that "was not a special appearance but one which resulted in in personam jurisdiction generally over the matter."

The judges agreed that Virginia had jurisdiction as the children's "home state" under the Uniform Child Custody

- 3 -

Jurisdiction Act.  See Code § 20-126(A)(1); Ill. Rev. Stat. Ch. 40, § 2104.  They also agreed that Illinois would have jurisdiction if the requirements of the so-called "emergency jurisdiction" section of the UCCJA were met.  See Ill. Rev. Stat. Ch. 40, § 2104; Code § 20-126(A)(3).  The Illinois judge indicated that she had made findings of abuse or mistreatment in accord with that section, and that Mr. D'Agnese had not challenged those findings.  Judge Peatross informed the Illinois judge that Mr. D'Agnese had denied abuse at a hearing before the Virginia court.  However, Judge Peatross concluded that both courts "may take jurisdiction of the matter and it is a question of whether or not one of the courts should decline jurisdiction at this point in time."

On October 19, 1993, the Virginia court ruled that under Middleton v. Middleton, 227 Va. 82, 314 S.E.2d 362 (1984), it was the proper court to exercise jurisdiction under the UCCJA because Virginia was the children's home state.  On August 11, 1994, the circuit court denied Mrs. D'Agnese's motion to dismiss Mr. D'Agnese's petition for lack of jurisdiction.

On November 4, 1994, the Virginia court issued a decree of divorce that affirmed that portion of the Illinois court's decree dissolving the parties' marriage.  The court noted that Mrs. D'Agnese had preserved her right to appeal the court's retention of jurisdiction.  The court awarded custody of the children to Mrs. D'Agnese.  The issue of visitation was reserved pending reports by mental health professionals.  The court later ordered

supervised visitation on a limited basis, to which Mrs. D'Agnese has objected.  Mrs. D'Agnese appeals the circuit court's ruling that it had jurisdiction over the custody of the children.

We review the evidence and all reasonable inferences in the light most favorable to Mr. D'Agnese, the prevailing party in the trial court.  The burden is on the party who alleges reversible error to show that reversal is justified.  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

Both Virginia and Illinois have adopted the UCCJA.  Among the Act's purposes are to avoid jurisdictional competition in matters of child custody, to promote cooperation among courts of different states in custody disputes, to assure that litigation over the custody of the child ordinarily occurs in the state most closely connected with the child and his or her family, and to deter abductions and other unilateral removals of children undertaken in order to obtain custody orders.  Middleton, 227 Va. at 93, 314 S.E.2d at 367.  The child's welfare is the paramount concern for courts in determining the most appropriate forum for a custody dispute.  Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990).

Mrs. D'Agnese does not dispute that Virginia was the children's home state when these proceedings began.  Instead, she argues that the Virginia court could not lawfully assume home state jurisdiction because a proceeding was pending in Illinois. Under Code § 20-129(A), the Commonwealth "shall not" exercise jurisdiction where at the time the petition was filed, a

- 5 -

proceeding concerning the custody of the child was pending in a court of another state "exercising jurisdiction substantially in conformity with this chapter . . . ." This rule does not apply where the court in the other state decides to stay its proceeding in favor of the other court. Code § 20-129(A). Here, the Illinois court declined to stay its proceeding in favor of the Virginia court.

This section of the UCCJA was intended to avoid jurisdictional conflict by establishing a "priority in time" rule for simultaneous proceedings. See Elizabeth Carrington Shuff, Comment, The Uniform Child Custody Jurisdiction Act in Virginia, 14 U. Rich. L. Rev. 435, 438, 442 (1979).[1] Code § 20-129(A) applies only to proceedings in another state where the court is exercising jurisdiction "substantially in conformity" with the UCCJA. Here, the Illinois court issued a protective order pursuant to the emergency jurisdiction provision of the UCCJA.

---

[1] A threshold question is whether Mrs. D'Agnese is entitled to invoke Code § 20-129 at all. Mrs. D'Agnese seeks application of the "priority in time" rule, yet her Illinois action was not the first in time. Her Virginia divorce petition, which requested custody of the children, was still pending at the time she filed in Illinois. She failed to inform the Illinois court of the Virginia proceeding, apparently because she had left instructions with her attorney to dismiss the Virginia proceeding. It was in fact dismissed shortly after the Illinois petition was filed.

At the time Mr. D'Agnese filed his petition in Virginia, the proceeding initiated by Mrs. D'Agnese was pending in Illinois. These were simultaneous proceedings within the meaning of Code § 20-129, and therefore that statute applies, even though the Illinois proceeding was not originally the first in time. See Simpkins v. Disney, 416 Pa. Super. 243, 247-49, 610 A.2d 1062, 1064-65 (Super. Ct. 1992).

Under that provision, the court may assume jurisdiction if the child is physically present in the state and it is necessary in an emergency to protect the child from mistreatment or abuse, either actual or threatened. Ill. Rev. Stat. Ch. 40, § 2104; Code § 20-126(A)(3).

In order to determine whether it was appropriate to defer to the Illinois court under Code § 20-129(A), the circuit court had to determine whether the Illinois court's exercise of jurisdiction was substantially in conformity with the Act. While the court appeared to have doubts about the legitimacy of the allegations of abuse, it nonetheless found in the letter opinion of March 31, 1993 that the Illinois court had obtained emergency jurisdiction. Once the circuit court so found, it was required to defer to the Illinois court pursuant to Code § 20-129(A). See Coleman v. Coleman, 493 N.W.2d 133, 136 (Minn. Ct. App. 1992); Carpenter v. Carpenter, 326 Pa. Super. 570, 577-80, 474 A.2d 1124, 1128-30 (Super. Ct. 1984).

In deciding to exercise home state jurisdiction even though an action was pending in Illinois, the circuit court relied on Middleton v. Middleton, 227 Va. 82, 314 S.E.2d 362 (1984). In Middleton, the Supreme Court held that a pending custody proceeding in England did not justify the circuit court's refusal to exercise home state jurisdiction. The Court warned against applying Code § 20-129(A) in a "wooden" manner where foreign jurisdiction had been obtained by one parent spiriting the child away from its domicile. Id. at 99, 314 S.E.2d at 371. However,

in Middleton there were no allegations of abuse, and the Court in effect held that the mother had "spirit[ed] the child away from its domicile" simply in order to obtain foreign jurisdiction. Id.

If the Virginia circuit court had found that Mrs. D'Agnese took the children to Illinois simply to obtain jurisdiction in that state and not to protect them from abuse, it could have refused, under Middleton, to defer to the Illinois court pursuant to Code § 20-129(A). However, the court did not do so, but found instead that the Illinois court had obtained emergency jurisdiction. The circuit court therefore had no basis to refuse to defer to the Illinois court pursuant to Code § 20-129(A).

The Illinois court's exercise of emergency jurisdiction, which is temporary in nature, did not necessarily confer permanent jurisdiction over the custody issue. Indeed, a court that exercises emergency jurisdiction is generally required to defer to the court with the stronger claim to jurisdiction, usually the court in the home state. See Coleman, 493 N.W.2d at 137, n.2; In re Marriage of Alexander, 252 Ill. App.3d 70, 72, 77, 623 N.E.2d 921, 923, 926 (1993); Trader v. Darrow, 630 A.2d 634, 638-39 (Del. 1993); Piedimonte v. Nissen, 817 S.W.2d 260, 267 (Mo. Ct. App. 1991). Mrs. D'Agnese's counsel conceded at oral argument that the Illinois court had neither home state nor significant connection jurisdiction over the custody matter.

However, because the Virginia court was required to defer to the Illinois court under Code § 20-129(A), it was for the

Illinois court to determine whether its continued exercise of jurisdiction was appropriate.  Any objection by Mr. D'Agnese to the jurisdiction of the Illinois court had to be made in Illinois.  The Illinois court found that it had obtained personal jurisdiction over Mr. D'Agnese and consolidated the divorce and the emergency custody proceedings.  The court issued orders on both dissolution and custody, and Mr. D'Agnese's appeal was dismissed.  The Illinois order is now final, and that order cannot be collaterally attacked in the Virginia courts.

For the foregoing reasons, the judgment of the court assuming jurisdiction over the custody of the children is reversed, and the visitation order vacated.  The case is remanded to the trial court for any further proceedings consistent with this opinion.

Reversed and remanded.