J-A08030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| H.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.O. | |
| Appellee | No. 3578 EDA 2016 |

Appeal from the Order Dated November 7, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2016-005769

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED May 19, 2017**

H.D. ("Father") appeals from the order, entered in the Court of Common Pleas of Delaware County, denying his requests for relief in this custody matter.  After our review, we affirm.

Father and D.O. ("Mother") have a seven-year-old son ("Child"), who resides with Mother in Anchorage, Alaska.  Child was born in Alaska.  Father left Alaska in 2013, and he now resides in Yeadon, Delaware County.  Child spent summer break from school with Father during the summer of 2014, and returned to Alaska for the 2014-15 academic year.  Child also spent the summer of 2015 with Father in Pennsylvania, but Father failed to return Child to Alaska in August 2015.

_____

[*] Former Justice specially assigned to the Superior Court.

On September 28, 2015, Mother filed a complaint for custody in Alaska. The Alaska court held several hearings and determined it had jurisdiction over the matter.

In July 2016, Father commenced a custody action in Delaware County. A temporary order was entered on September 2, 2016, denying Father's request due to an existing order in Alaska. On September 26, 2016, Father filed a petition to vacate/request for hearing, and on October 5, 2016, Father filed a petition for emergency special relief. On October 7, 2016, the trial court entered an order stating it could not exercise jurisdiction due to simultaneous proceedings in Alaska.

On October 12, 2016, Father filed a motion for reconsideration, and Mother filed a motion to dismiss. Father filed preliminary objections to Mother's motion to dismiss and on October 17, 2016, the court entered an order scheduling a hearing on Father's petitions, at which time Father would be allowed to present evidence or argument with respect to jurisdiction.

On November 4, 2016, the court entered an order denying Father's motion for reconsideration and dismissing his custody complaint pursuant to 23 Pa.C.S.A. § 5426(a). The court also entered an order denying Father's petition for emergency relief, and an order denying Father's motion to dismiss and his preliminary objections to Mother's petition to dismiss.

On November 17, 2016, Father filed a notice of appeal, a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and an emergency motion to stay enforcement in

- 2 -

Pennsylvania of certain Alaskan court orders. He raises the following issues for our review:

1. Whether the court committed reversible error and/or abused its discretion by declining to entertain emergency jurisdiction pursuant to 23 Pa.C.S.A. § 5424(a).

2. Whether the court committed reversible error and/or abused its discretion by declining to entertain general jurisdiction given that: (a) Alaska was not the home state of the child at the time that the Alaska petition was docketed; (b) the parents mutually agreed that the child would reside in Pennsylvania due to the child abuse occurring in Mother's home in Alaska; and (c) no sufficient service of process was ever perfected in Alaska to preempt Pennsylvania jurisdiction?

3. Whether or not the respective due process rights of both the Father and [C]hild have been violated by the State of Alaska, and concomitantly by the Commonwealth of Pennsylvania, with respect to Alaska's exercise of jurisdiction and with respect to each state's administration of the Uniform Child Custody Jurisdiction and Enforcement Act [UCCJEA].

4. Whether or not Mother unduly benefited by her appearance in the proceedings below without conforming to Pa.R.C.P. 1915.3-2, which mandates that all parties file and serve an initial verification regarding any criminal record or abuse history of that party and anyone living in that party's household. The court therefore failed its preliminary duty to evaluate the person in Mother's household who poses a danger to the child (e.g., Mother's husband, who has seven protection from abuse orders directed against him and two separate violations of those orders).

Appellant's Brief, at 4.

For the following reasons we conclude that the trial court did not err in determining it did not have jurisdiction under section 5426(a), and in declining to exercise emergency jurisdiction under section 5424(a) of the UCCJEA. We, therefore, affirm the trial court's order.

- 3 -

The issue of subject matter jurisdiction is a question of law. Our standard of review is *de novo*, and our scope of review is plenary. ***B.J.D. v. D.L.C.***, 19 A.3d 1081, 1082 (Pa. Super. 2011).

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

***Wagner v. Wagner***, 887 A.2d 282, 285 (Pa. Super. 2005) (quoting ***Lucas v. Lucas***, 882 A.2d 523, 527 (Pa. Super. 2005)) (citation omitted).

The purpose of the UCCJEA[1] is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigation of custody decisions of other states, and facilitate the enforcement of custody orders of other states. ***J.K. v. W.L.K.***, 102 A.3d 511 (Pa. Super. 2014).

---

[1] The UCCJEA, 23 Pa.C.S.A. § 5401 *et seq.*, 2004, June 15, P.L. 236, No. 39, § 3, replaced the Uniform Child Custody Jurisdiction Act (UCCJA) in 2004, however, much of the case law as decided under the UCCJA is still applicable. Alaska has also adopted a version of the UCCJEA. ***See*** Alaska Stat. § 25.30.300 *et seq.*

Here, Mother filed a complaint in custody in Alaska on September 21, 2015. *See* Complaint for Custody, 9/21/15. The Alaska court entered an interim custody order on August 2, 2016.[2]

Father filed a custody complaint in Delaware County on March 24, 2016. On October 6, 2016, the court determined it did not have jurisdiction because a prior action had been commenced in Alaska and that action had not been terminated or stayed. *See* Trial Court Order, 10/6/16. *See also Harcar v. Harcar*, 982 A.2d 1230, 1237–38 (Pa. Super. 2009) (action is pending from commencement to final determination on appeal, or until time for appeal has expired; because policy against simultaneous custody proceedings is so strong, courts should refrain from exercising jurisdiction to further purposes of UCCJEA).

Our review of the record supports the court's findings, and, therefore, we find no error or abuse of discretion in the court's determination that it did not have jurisdiction under section 5426(a). *Wagner*, *supra*. *See also See also C.L. v. Z.M.F.H.*, 18 A.3d 1175, (Pa. Super. 2011) (husband's custody complaint filed at time wife's complaint for divorce and custody was pending in tribal court in South Dakota; under UCCJEA, there were simultaneous proceedings in South Dakota tribal court and Pennsylvania

---

[2] The Alaska order gave interim primary custody and legal custody to Mother. The order also scheduled a hearing for September 13, 2016, prior to entry of a final custody and support order. Alaska Order, 8/2/16.

court such that Pennsylvania court was required to stay proceedings and communicate with tribal court to determine which jurisdiction was more appropriate forum); *Carpenter v. Carpenter*, 474 A.2d 1124, 326 (Pa. Super. 1984) (Pennsylvania trial court properly vacated earlier award of temporary custody and stayed custody proceeding before it, after being informed Massachusetts court was already exercising jurisdiction to decide custody, and after determining Massachusetts court intended to assert continuing jurisdiction).

However, there remains the question of whether the trial court properly determined that it could not exercise emergency jurisdiction pursuant 23 Pa.C.S.A. § 5424. Section 5424 provides, in relevant part:

**§ 5424. Temporary emergency jurisdiction**

**(a) General rule.**--A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned *or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.*

**(b) No previous custody determination or proceeding.**--If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under sections 5421 (relating to initial child custody jurisdiction) through 5423 (relating to jurisdiction to modify determination), a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 5421 through 5423. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 5421 through 5423, a child custody determination made under this section becomes a

final determination if it so provides and this Commonwealth becomes the home state of the child.

**(c) Previous custody determination or proceeding.**--If there is a previous child custody determination that is entitled to be enforced under this chapter or a child custody proceeding has been commenced in a court of a state having jurisdiction under sections 5421 through 5423, any order issued by a court of this Commonwealth under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under sections 5421 through 5423. The order issued in this Commonwealth remains in effect until an order is obtained from the other state within the period specified or the period expires.

**(d) Mandatory communication between courts.**--A court of this Commonwealth which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of a state having jurisdiction under sections 5421 through 5423, shall immediately communicate with the other court. A court of this Commonwealth which is exercising jurisdiction pursuant to sections 5421 through 5423, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of another state under a statute similar to this section, shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child and determine a period for the duration of the temporary order

23 Pa.C.S.A. § 5424 (emphasis added). This particular section of the UCCJEA is "reserved for extraordinary circumstances." 23 Pa.C.S.A. § 5424 - Uniform Law Comment. Essentially, a court may exercise jurisdiction to enter a temporary order to protect the child until the state that has jurisdiction enters an order. *Id.*

At the hearing on Father's motion for reconsideration, Father's attorney presented argument; Mother testified telephonically. Father presented no evidence that Child was in danger. The record indicates that Mother acknowledged that her husband was diagnosed with bipolar disorder in June 2015, that his medication caused attacks of mania, and that she moved out temporarily while he stabilized on different medication. *See* Mother's Affidavit, 8/23/16, at 3. The record also discloses that at that time Mother had filed a petition for protection against her husband.[3] Father's attorney cross-examined Mother as follows:

> Q: I know you can't see who is in the courtroom, but [Father's] girlfriend is in the courtroom, Ms. Salas.
>
> A: Yes.
>
> Q: I understand in the summer of – June, I should say. Around June of 2015 you had certain conversations with Ms. Salas, correct?
>
> A: Yes, that is correct.
>
> Q: Did you not explain to Ms. Salas the conditions that were going on with your husband's protection order in June of –
>
> A: I did.
>
> Q: Okay. Did you not disclose to Ms. Salas that you wanted the child to reside here [in Pennsylvania] until that situation was sorted out?
>
> A: I did say that. However, when I did say that I think both parties need to be [i]n agreement. I want what's best for my

---

[3] A 20-day protection order was granted. Thereafter, the case was closed because Mother did not appear at the "long-term hearing." *See* Alaska Order, 6/22/15.

son. That's why I disclosed what happened. That's what parents are supposed to do.

[FATHER'S COUNSEL]: That's all the questions I have.

Reconsideration Hearing, 10/21/16, at 31-32.

We agree with the trial court that Father presented no evidence indicating that it was "necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse." 23 Pa.C.S.A. § 5424(a). We find no abuse of discretion. **Wagner**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/19/2017</u>

- 9 -